**CITY OF CORPUS CHRISTI, Appellant,**

v.

**SOUTHERN COMMUNITY GAS COM-PANY, a Corporation, Appellee.**

No. 14083.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1963.

Rehearing Denied June 5, 1963.

I. M. Singer, City Atty., W. D. Pilcher, Asst. City Atty., Corpus Christi, for appellant.

Lewright, Dyer & Redford, Corpus Christi, Sears & Burns, Houston, for appellee.

BARROW, Justice.

This is an appeal by the City of Corpus Christi from a summary judgment granted Southern Community Gas Company. The case involves a construction of Chapter 470, Acts 52nd Legislature, 1951, now Article 1436b, Vernon's Ann.Civ.Stats.

In October, 1954, the City annexed an area which included a portion of appellee's gas distribution system. On February 2, 1955, City passed an ordinance which granted a five-year franchise to appellee and provided as part consideration for the granting of this franchise, that appellee should pay to City two per cent of its annual gross receipts from the sale of gas in the annexed area. This ordinance was to be effective upon the written acceptance of appellee. Appellee refused to accept the terms of this ordinance, although it did pay two per cent of its annual gross receipts for the year 1955. Appellee's president advised City on several occasions that appellee was in a refinancing program, and if City would not then file suit, appellee would not contest the rental fee. Appellee made no further payments and on February 7, 1961, City filed suit to recover reasonable compensation for rental of its streets and alleys for the years 1956 to 1961, which it alleged was two per cent of appellee's annual gross receipts.

Appellee filed motion for summary judgment in which it asserted that by virtue of the provisions of Art. 1436b, appellee had the legal right to operate its gas distribution system in the annexed area without payment to the City of any street rental charge. Appellee further asserted that the pleadings, the affidavits, and depositions show that there is no genuine issue of material fact, and that appellee, as a matter of law, was entitled to entry of summary judgment. The summary judgment was based upon the pleadings and affidavits of appellee's president, the City's gas superintendent, and an assistant City Attorney. It was stipulated that the City has never passed an ordinance providing for any payment by appellee other than the one not accepted by it. The City asserts that a fact issue is raised on implied contract to pay a reasonable sum for rental of the streets, because of the conduct of appellee in accepting the benefits of use of the City streets and public ways after promising to pay City. The trial court granted appellee's motion and entered a take-nothing judgment.

Appellant is a home rule City. The parties agree that the State, through the Legislature, has primary and plenary power to regulate public roads and streets; that the State may delegate that power to cities and, with certain exceptions, has delegated the power to prohibit their use without the consent of the City. It is further agreed that the power of the State to control public roads and streets, being primary and plenary, the Legislature may revoke or modify the power delegated to the City. State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737. Art. 11.03, Title 122–A, Vernon's Ann.Civ.Stats., recognizes the City's right to levy a street rental fee against public utilities of not to exceed two per cent of gross revenues for the utilities' use of the public streets and ways. Appellee asserts that the Legislature by enacting Art. 1436b, supra, revoked or modified the City's power to make a charge for the use of its streets, alleys, and public ways under the terms of this Act. The City first asserts that Art. 1436b has no application to the area in question which was "annexed" as distinguished from an area becoming an "incorporated city or town."

Sec. 2 of Art. 1436b provides: "If after the effective date of this Act an unincorporated area becomes incorporated, any person, firm or corporation or incorporated city or town which, at the date of such incorporation, has pipes, mains, conductors or other facilities within such area so incorporated, may continue to exercise the rights conferred by Section 1 hereof for ten (10) years after the date of such incorporation without consent but subject to the direction of the governing body."

■ The key words involved in City's first point are: "an unincorporated area becomes incorporated." It is a settled rule of statutory construction that it is proper to look at all parts of the legislative act to ascertain its proper construction and meaning, and thereby determine the legislative intent. In applying this rule, the courts will not look to any one phrase, clause or sentence but to the entire act. This includes the caption, the body of the act and the emergency clause. Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765.

The caption of this Act provides in part that it is an Act to facilitate and encourage the distribution of gas to the inhabitants of cities, towns, villages and rural areas. Sec. 1 provides in part that a gas company distributing gas for public consumption in an incorporated city or town shall have the power to lay its lines over public streets and public ways only with the consent and subject to the direction of the governing body. Such company "shall notify the State Highway Commission or the Commissioners Court having jurisdiction, * * * when it proposes to lay any such pipes, mains, conductors and other fixtures for conducting gas within the right-of-way of any state highway or county road outside the limits of an incorporated city or incorporated town, whereupon the Highway Commission or the Commissioners Court, if it so desires may designate the place upon the right-of-way where the same shall be laid." The emergency clause of the Act provides in part that the fact that in many rural and urban areas the growth and spread of population is rapid; the fact that the furnishing of a gas supply substantially contributes to the growth and expansion of such areas; and a clarification of the gas company's right to lay lines in public streets and ways will encourage the furnishing of an adequate gas supply by private corporations and contribute to the growth of rural and urban areas.

■ It seems clear that the Legislature in providing for "rural areas" was thinking of areas other than those of "unincorporated cities and towns" provided for in Art. 1436a, which was enacted in 1949 and gives some of the same rights to electric companies as 1436b gives to gas companies. It is our opinion that an unincorporated area can become incorporated by original incorporation proceedings or by annexation to an incorporated city. To give full meaning and purpose to Art. 1436b, the Act must apply if the area becomes incorporated by annexation as well as original incorporation proceedings. We overrule City's first point.

■ Appellant asserts that the trial court erred in granting the summary judgment because there was no showing that appellee had complied with the requirements of Sec. 1, Art. 1436b, before annexation. It is seen that this section gives a gas utility company the power to use public highways and ways, if outside the corporate limits of an incorporated city or town. If within the corporate limits, the right is dependent upon the consent of the governing body of the city or town. Outside of an incorporated city or town, the utility is charged with the duty of *notifying* the State Highway Commission or the Commissioners Court having jurisdiction, and that body, if it so desires, may *designate* the place on the right-of-way where the pipes, etc., shall be laid. Thus *consent* of the Highway Commission or Commissioners Court is not required under this section. We overrule this point.

The City contends that even if this Article gives the appellee the right to maintain

its pipes, etc., for a period of ten years from annexation, the City is still entitled to receive a street rental charge. Sec. 2 of Art. 1436b provides, substantially, that the gas company which has facilities within the incorporated area may continue to exercise the rights conferred by Sec. 1, "for ten (10) years after the date of such incorporation without consent but subject to the direction of the governing body." Appellee does not question the power of the City to levy and collect ad valorem taxes, to regulate rates and to exercise police power over appellee's lines. It is seen that although Art. 1436b gives appellee the right to maintain and operate its lines for ten years after said area was annexed by the City, the City retained its police power over said lines and the right to regulate and control them. The City was authorized to make reasonable charge for the expense of this control and regulation. City of Garland, v. Texas Power & Light Co., Tex.Civ.App., 342 S. W.2d 816; Reed v. City of Waco, Tex.Civ. App., 223 S.W.2d 247; Booth v. City of Dallas, Tex.Civ.App., 179 S.W. 301; Southwestern Telegraph & Telephone Co. v. City of Dallas, Tex.Civ.App., 174 S.W. 636.

■ The question presented in this appeal, however, is the City's right to make a street rental charge, as distinguished from a regulatory fee. It is now settled that a city has the authority, where authorized by its own charter, to make a street rental charge as consideration for granting a franchise. Fleming v. Houston Lighting & Power Co., 135 Tex. 463, 138 S.W.2d 520, reh. den. 135 Tex. 463, 143 S.W.2d 923; West Texas Utilities Co. v. City of Baird, Tex.Civ.App., 286 S.W.2d 185; McQuillin, Municipal Corporations, § 34.37. A franchise is not required of the City where a gas company is using the public streets and public ways under authority of Art. 1436b. This statute is very similar in its powers given, to Art. 1436a, insofar as consent is concerned, and the application and purpose of Art. 1436a were fully discussed by the Supreme Court in. City of Mason v. West

Tex. Utilities Co., 150 Tex. 18, 237 S.W.2d 273.

In that case the Utilities Company was granted a fifty-year franchise in 1925, by the Commissioners Court of Mason County, to operate and maintain its electric lines on the streets and public ways of unincorporated towns. The City of Mason was incorporated in 1945 and thereafter filed suit for mandatory injunction to compel the Utilities Company to remove its property from the public streets and alleys of the City. In upholding the Utilities Company's right to maintain its lines in the City, without the City's consent, for a period of ten years from the City's incorporation, the Supreme Court said:

> "The clear purpose for the enactment of the law was to permit the company involved in this case and other companies similarly situated to operate their lines in such unincorporated towns for a period of ten years from and after the dates of their incorporation; this privilege materially reducing the losses to be sustained."

■ Since consent of the City of Corpus Christi was not required under the provisions of Art. 1436b, it was not necessary for appellee to secure a franchise from the City, and it necessarily follows that City would not be authorized to make a street rental charge for this consent. If the Legislature so desired, it could have permitted cities to make such a street rental charge, as was done in enacting Art. 1436a. It did not do so and thus revoked or modified the City's right to charge a street rental fee.

■ The City also asserts that if this statute took away its right to collect a street rental fee that the Act is unconstitutional. Since the Legislature acting for the State has primary and plenary power to control and regulate public roads and streets, we are of the opinion that this Act is not unconstitutional. City of Mason v. West Texas Utilities Co., supra; State v.

City of Austin, supra; Huffaker v. Lea County Electric Cooperative, Inc., Tex.Civ. App., 344 S.W.2d 915.

The judgment of the trial court is affirmed.