

# The Attorney General of Texas

January 10, 1980

MARK WHITE
Attorney General

upreme Court Building
.O. Box 12548
.ustin, TX. 78711
12/475-2501

01 Commerce, Suite 200
Dallas, TX. 75202
14/742-8944

824 Alberta Ave., Suite 160
J Paso, TX. 79905
-15/533-3484

Main, Suite 610
.ton, TX. 77002
13/228-0701

106 Broadway, Suite 312
.ubbock, TX. 79401
106/747-5238

1313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Honorable Kenneth H. Ashworth
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. MW-126

Re: Implementation of appraisal boards under the property tax code.

Gentlemen:

Mr. Resweber asks several questions about the election of directors to the governing board of an appraisal district established by sections 6.01 through 6.08 of the Property Tax Code. Acts 1979, 66th Leg., ch. 841, at 2224. Dr. Ashworth's question also concerns the election of directors. The Code establishes an appraisal district in each county which is responsible for appraising property in the district for ad valorem tax for the state and for taxing units other than the county. Sec. 6.01. The district is governed by a board of five directors who are elected by vote of the governing board of certain taxing units that participate in the appraisal district.

Mr. Resweber's first question is as follows:

1. Is the first board of directors election to be conducted by the County Clerk pursuant to section 6.03 to be in the fall of 1979 for the board terms to begin on January 1, 1980?

Section 3, subsection c(1) and (2) provide as follows:

(c)(1) Except as otherwise provided by this subsection, Subchapter A of Chapter 6 takes effect January 1, 1980.

(2) For the purpose of appointing the first members of the appraisal district board of directors, Section 6.03 takes effect September 1, 1979.

The first board of directors election should be held in the fall of 1979 with the board of directors terms to begin on January 1, 1980. See section 6.03(b). In view of the answer to question 1, we need not answer question 1a. Question 2 restated:

> 2. May the County Clerk allow incorporated 'villages' to participate in the board of directors elections pursuant to section 6.03?

Section 6.03(c) empowers "incorporated cities and towns" and school districts to participate in the board of directors elections. Harris County contains a number of incorporated municipalities which use the term "village" in their name in lieu of "city" or "town." Chapter 11 of Title 28, V.T.C.S., makes provision for the incorporation of towns and villages without distinguishing between the terms "town" and "village." See, e.g., V.T.C.S. art. 1133. Article 961, V.T.C.S., permits any incorporated city, town, or village with a population of 600 or over to adopt the provisions of Title 28. "When such city, town or village is so incorporated as herein provided, the same shall be known as a city or town, subject to the provisions of this title relating to cities and towns. . . ." V.T.C.S. art. 961. Article 970a, the Municipal Annexation Act, defines "city" as "any incorporated city, town or village in the State of Texas." Sec. 2A. Since the legislature has not distinguished between cities, towns, and villages in these provisions, and in fact has equated "village" with the other two municipalities, we believe "incorporated cities and towns" as it appears in section 6.03(c) also includes incorporated villages.

> 3. For purpose of the County Clerk's determining voting entitlement of taxing units that may exercise the choice of appraisal districts as set forth in section 6.02, when is the first tax year in which appraisal districts will appraise property?

Section 3 of the Act provides in part as follows:

> SECTION 3, (a) Except as otherwise provided by this section, the Property Tax Code takes effect January 1, 1982. The first tax year for which the appraisal districts must make assessments commences January 1, 1982.

> 4. If appraisal districts do not begin their appraisal functions until the 1981 tax year or later, how should the County Clerk determine the voting entitlement of taxing units covered by section 6.02 subsection b which have not yet exercised their option to designate one appraisal district in which they will participate pursuant to subsection c thereof?

Section 6.02 of the Act permits taxing units which have boundaries that cross county lines to choose to participate in only one appraisal district. The governing body must

make the choice by official action "at least 90 days before the first day of the tax year in which appraisal districts first begin appraising property for ad valorem tax purposes." Sec. 6.02(c). The clerk can only act upon the record as it exists at the time of the 1979 directors election and must assume that any political unit subject to section 6.02 will participate in each appraisal district within its boundaries unless it has previously decided otherwise.

5.    If a taxing unit covered by section 6.02 does not timely file an election to participate in one of the appraisal districts within its boundaries, shall the County Clerk presume that it has elected to participate in each appraisal district within the boundaries?

The governing body of a taxing unit covered by section 6.02 must exercise its option to participate in only one appraisal district by an official action adopted at least 90 days before the first day of the first tax year in which appraisal districts begin appraising property. If the taxing unit covered by section 6.02 does not take this action, it will participate in each appraisal district.

6.    If the County intends to contract with the appraisal district for appraisal services, may the County Clerk allow it to participate in the selection of the appraisal district's board of directors prior to 1982?

The assessment district is not required by the Property Tax Code to appraise county property. Sec. 6.01. A county may, however, contract with the appraisal district to have it appraise property and prepare the appraisal records for county tax purposes. Sec. 6.25(a). When a county does so, the commissioners court is entitled to participate in the appointment of district directors in the same manner as an incorporated city or town or a school district. Section 3(d) of the Property Tax Code provides that a county which intends to contract with an appraisal district pursuant to section 6.25 may participate in appointing the district directors before 1982 "if it adopts an order expressing that intent and delivers a certified copy of the order to the county clerk and the governing body of each taxing unit in the district before September 15 of any year in which nominations are made and amendments determined."

7.    Must the County Clerk give the notice required by section 6.03g to those political units which are not actually assessing or collecting taxes?

Section 6.03g provides:

(g) The governing body of each taxing unit entitled to vote shall determine its vote by resolution and submit it to the county clerk before November 15. The county clerk shall count the votes, declare the five candidates who receive the largest cumulative

vote totals elected, and submit the results before December 1, to the governing body of each taxing unit in the district and to the candidates.

The term "taxing unit" is defined in section 1.04 as follows:

(12) 'Taxing unit' means a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority, or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property. (Emphasis added).

The county clerk would not be obligated to give notice of election results to political units which are not actually imposing ad valorem taxes on property as they do not constitute "taxing units" within the statutory definition.

8.    May the County Clerk require taxing units which are eligible to vote for the appraisal district board of directors to provide information as to their tax collections and related matters necessary for determination of their voting entitlement under section 6.03.

We find no provision in the Property Tax Code empowering the county clerk to require taxing units to furnish the stated information, which consists of the total dollar amount of property tax imposed by the taxing unit for the preceding year. However, this information is a matter of public record and obtainable by any person including the county clerk even if the taxing units do not furnish it voluntarily. See Open Records Decision Nos. 140 (1976) (information on value of taxable property in school districts); 112 (1975) (city tax department's appraisal cards); 76 (1975) (school district tax assessor-collector's rendition book); 39 (1974) (information on bank stockholdings filed with a tax assessor-collector). Of course, the taxing unit may agree to furnish voluntarily the information needed by the county clerk. In view of our answer to question 8, we need not answer question 8a.

9.    May the County Clerk request the State Property Tax Board to adopt rules to clarify the appraisal district board of directors voting procedure?

Section 6.03, which governs the election of the board of directors, contains no provision granting rule-making power to any body. Section 5.03 states the rule-making power of the State Property Tax Board. It "shall adopt rules establishing minimum standards for the administration and operation of an appraisal district and a county assessor-collector's office." Section 5.03(a). Although the directors govern the appraisal district, they are elected by the governing bodies of the taxing units that participate in the district. The clerk is required to determine the number of votes to which each taxing

unit is entitled.   Sec. 6.03(e).   We do not believe the board's authority to establish minimum standards for the administration of an appraisal district includes the authority to make binding rules for the conduct of district elections by member taxing units and the county clerk.

> 10.    Which if any of the following units may the County Clerk allow to vote in the board of directors election for the appraisal district:
> a.    Harris County Flood Control District
> b.    Harris County Mosquito Control District
> c.    Harris County Hospital District
> d.    Port of Houston Authority
> e.    Harris County Board of School Trustees
> f.    Houston Community College System
> g.    North Harris County College
> h.    San Jacinto College

Dr. Ashworth asks whether community junior college districts are eligible to vote for the board of directors of the appraisal district.  Section 6.03(c) provides for election of the board of directors "by vote of the governing bodies of the incorporated cities and towns and the school districts that participate in the district."  Counties which contract with the appraisal district for appraisal services are also entitled to participate in the election of directors.  Sec. 6.25.   None of the units inquired about constitute counties, cities, or towns, and none of the first four units on Mr. Resweber's list constitute school districts within section 6.03(c).  The Harris County Board of School Trustees, established under chapter 17 of the Education Code, has the general management and control of public schools in the county.   It participates in the creation, consolidation, subdivision and abolition of school districts, see Educ.   Code § 17.23, but does not constitute a school district itself.  School districts are established under chapter 19 of the Education Code and each is governed by its own Board of Trustees.  See Educ. Code §§ 19.066-19.067, 22.01, 23.01, 25.03.

It is suggested on the authority of Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex. 1962) that community junior college districts constitute school districts within section 6.03(c).  In the Shepherd case, the Supreme Court concluded that a district created under the Junior College Act, Education Code §§ 130.011-130.121 (passim), is a school district within the tax authorization clause of article VII, section 3 of the Texas Constitution.  However, section 6.02(b) of the Property Tax Code treats a junior college district as an entity distinct from a school district:

> A school district, an incorporated city or town, a water control and improvement district ... irrigation districts ... or a junior college district that has boundaries extending into two or more counties may choose to participate in only one of the appraisal districts. . . .

It is proper to look at all parts of a statute to ascertain its proper construction and meaning.  City of Corpus Christi v. Southern Community Gas Company, 368 S.W.2d 144 (Tex. Civ.  App. — San Antonio 1963, writ ref'd n.r.e.).  The legislature distinguished between "school district" and "junior college district" in section 6.02(b), and we believe this distinction must be maintained in section 6.03(c).  Thus, community junior college districts do not constitute school districts for purposes of section 6.03(c).  In view of our answer to this question, we need not answer Mr. Resweber's final question regarding calculation of the voting entitlement.

### SUMMARY

The first election for board of directors of a property tax appraisal district should be held in the fall of 1979.  Incorporated villages may participate in the election pursuant to section 6.03.  Appraisal districts begin appraising property for the tax year starting January 1, 1982. If a taxing unit with boundaries that cross county lines has not opted to participate in only one appraisal district pursuant to section 6.02, the county clerk must assume it will participate in each appraisal district within its boundaries.  A county which intends to contract with an appraisal district may participate in appointing the district directors before 1982 by following the procedure in section 3(d) of the Property Tax Code. The county clerk need not give notice of election results to political units which do not impose ad valorem taxes on property. The county clerk has no authority to require taxing units to provide information on their tax collection and related matters to determine voting entitlement under section 6.03.  The State Property Tax Board lacks authority to make rules clarifying the procedure for electing the appraisal district board of directors. The Harris County Board of School Trustees is not eligible to vote for directors of the appraisal district.  Nor are community junior colleges eligible to vote in the election.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid