**DAN LAWSON & ASSOCIATES, Appellant,**

v.

**Gregory Alan MILLER, Appellee.**

**No. 2–87–002–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 16, 1987.

Rehearing Denied Jan. 20, 1988.

Baker, Smith & Mills and Kane St. John, Dallas, for appellant.

Gandy, Michener, Swindle, et al. and Joseph W. Spence, Fort Worth, for appellee.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Dan Lawson & Associates ("D L & A"), brings this appeal from a summary judgment granted to Gregory Alan Miller, one of two defendants from whom D L & A sought to recover fees for professional investigative services contracted for by Mrs. Miller, during the pendency of defendant's divorce.

The judgment is reversed and remanded for a trial on the merits.

The claim asserted in the case at bar was originally asserted by intervention in the divorce proceeding between Mr. and Mrs. Miller; this issue was later severed to create this separate action.

Appellee filed a motion for summary judgment pursuant to TEX.R.CIV.P. 166–A alleging that the debt sued upon is, as a matter of law, the separate obligation of Mrs. Miller, and was not an obligation of the community.

Appellant's sole point of error alleges that the trial court erred in granting appellee's summary judgment because there remained a genuine issue of material fact concerning Mr. Miller's liability for the debt sued upon.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine is-

sue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubt resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47.

■ It is well established that debts contracted for during the marriage are presumed to be on the credit of the community and are thus joint obligations; the presumption can be rebutted by showing that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction. *Broussard v. Tian,* 156 Tex. 371, 295 S.W.2d 405, 407 (1956). To determine whether a debt is only that of the contracting party or of both husband and wife, it is necessary to examine the totality of the circumstances in which the debt arose. *Cockerham v. Cockerham,* 527 S.W.2d 162, 171 (Tex.1975).

■ In the present case, appellant presented a controverting affidavit, based on the personal knowledge of the affiant, and a deposition with numerous exhibits attached thereto. Resolving all evidentiary conflicts in favor of appellant, we are of the view that Mrs. Miller contracted for appellant's services prior to divorce, and thus during marriage. The issues of whether appellant agreed to look solely to her separate estate for satisfaction of the debt, and what portion of appellee's estate, if any, is subject to the debt claimed by appellant constitute fact questions for the trial court or jury to determine. Summary judgment should never be granted when the issues are inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care, uncertainty and the like. *Kolb v. Texas Emp. Ins. Ass'n,* 585 S.W.2d 870, 873 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). Because the controverting evidence raises a fact issue, summary judgment for appellee is precluded as a matter of law. In the absence of adequate development of the testimony, we decline to discuss the priorities of participation by the creditor in the marital estate, if any.

Accordingly, we reverse the judgment and remand the case to the trial court for further proceedings.