Genovevo **DOMINGUEZ**, Appellant,

v.

John **KELLY**, M.D., Appellee.

No. 08–89–00206–CV.

Court of Appeals of Texas,
El Paso.

Jan. 10, 1990.
Rehearing Overruled March 14, 1990.

Richard R. Alvarado, Odessa, for appellant.

Perry Davis, Jr., Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment granted in favor of Dr. Kelly. We affirm.

On December 31, 1986, the doctor examined a minor female that had been brought to him by a member of the Texas Department of Human Services, and concluded that the child had been abused in various ways, including sexually. The doctor informed the social worker and forwarded his written report to her. He also made successive accounts of the matter to the Ector County Sheriff's Department.

Plaintiff Dominguez sued the doctor for negligence and intentional, malicious, bad faith conduct in the diagnosing and reporting of his conclusions. It was alleged that these factors caused the law enforcement officials to institute criminal proceedings against Mr. Dominguez for aggravated sexual assault.

The social worker stated the doctor announced, after his examination, that the child had been abused vaginally, rectally and had syphilis. The doctor's written report depicted an unusually small child, a sexually abused deprivational dwarf, who exhibited the classic behavior of a chronically abused child by never crying out, in pain or otherwise, during his examination

of her. She was filthy, had lice and showed signs of sexual assault and recent beatings. It continued to describe bruises, burns, tears and abrasions. It described bruises made by large hands on the thighs, presumably made while attempting to pull them apart to sexually abuse her.

The doctor's affidavit, made in his Motion for Summary Judgment, explained his former suspicions of syphilis and that subsequent testing negated this condition. The doctor stated all of his communications were to the agency and the sheriff's department.

Photographs substantiating the physical characterization of the bruises, abrasions and tears were also proffered along with an affidavit that stated the child's mother pled nolo contendere to a felony third injury to a child charge, and the Appellant made the same plea to a failure to report child abuse charge.

■■■ Traditional notions of liability in negligence actions require a finding of a duty, a breach of that duty, the breach was a proximate cause of injuries and that damages occurred. *McKinley v. Stripling*, 763 S.W.2d 407 (Tex.1989). It is a well established principle of law that a physician is liable for malpractice or negligence only where there is a physician-patient relationship as a result of a contract, express or implied, that the doctor will treat the patient with proper professional skill and there is a breach of professional duty to the patient. *Salas v. Gamboa*, 760 S.W.2d 838 (Tex.App.—San Antonio 1988, no writ). In such cases where no physician-patient relationship exists, the doctor's only duty is to conduct the examination in a manner not to cause harm to the person being examined. *Johnston v. Sibley*, 558 S.W.2d 135 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r. e.). Therefore, Appellant's cause of action for negligence must fail as the doctor had no duty to him.

Appellant further alleged that the doctor knowingly, intentionally, maliciously and in bad faith made his conclusions which were the basis for local law enforcement officials to institute criminal proceedings. This pleading, although incomplete, comes to us without special exception and suggests a cause of action for malicious prosecution. In deference to *Massey v. Armco Steel Company*, 652 S.W.2d 932 (Tex.1983), which stands for the proposition that a pleading defect may not be resolved by a summary judgment, we shall consider the evidence in light of an alleged cause of action for malicious prosecution. The plaintiff in a malicious prosecution case has the burden of proving seven essential elements: (1) the commencement of a criminal prosecution against him, (2) which was caused by the defendant or through his aid or cooperation, (3) which terminated in favor of the plaintiff by acquittal, (4) that the plaintiff was not guilty of the charge brought against him, (5) that no probable cause existed for the filing of the charge, (6) that it was done with malice, and (7) that the plaintiff was thereby damaged. *Stewart v. Control Data Corporation*, 580 S.W.2d 879 (Tex.Civ.App.—Texarkana 1979, no writ). There is evidence that the Plaintiff pled nolo contendere to charges contributed to by the reports given by the doctor. There is no evidence of any final determination. The Appellee failed to negate this essential element of the cause of action.

■■■ The Appellee relies on immunity under Tex.Fam.Code Ann. sec. 34.03 (Vernon 1986), which is granted to "[a]ny person reporting pursuant to this chapter," but denying it to any person reporting in bad faith or with malice. In construing statutes, courts will not look to any one phrase, clause or sentence but will look to the entire act to determine the legislative intent. *City of Corpus Christi v. Southern Community Gas Company*, 368 S.W.2d 144 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). A provision will not be given meaning out of harmony with other provisions and inconsistent with the purpose of the act, though it would be susceptible of such construction if standing alone. *Black v. American Bankers Insurance Company*, 478 S.W.2d 434 (Tex.1972). Tex.Fam. Code Ann. sec. 34.01 mandates a report by those having cause to believe there is child abuse. Section 34.011 directs the Texas

Department of Human Resources to promulgate a reporting form. Tex.Fam. Code Ann. sec. 34.02 (Vernon Supp.1990) states the reports shall be nonaccusatory and reflect "the reporter's belief that a child has been" abused. It requires a doctor to make an oral report within forty-eight hours after he suspects abuse and make a written report within five days. The reports are to be made to state or local law enforcement, and to the Texas Department of Human Services or an agency designated by the court to be responsible for the protection of children. Section 34.05 commands the agency receiving the report to investigate and includes the seeking of a physical, psychological or psychiatric examination in the proper case.

In this case, the child was brought to the doctor pursuant to Section 34.05. Section 34.04 expressly denies any privileged communication between doctor and patient in any proceeding regarding child abuse.

Appellant contends the reports were not entitled to immunity as the written report did not conform to the explicit form requirement of Section 34.02, namely there is no name and address of the child or the person responsible for the child. He also contends there is no stated designation that the written report is the required follow-up report. Imprecise compliance with form requirements, per se, will not vitiate an immunity provision. There was substantial compliance in this case.

Summary judgment should never be granted when the issues are inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care, uncertainty and the like. *Dan Lawson & Associates v. Miller,* 742 S.W.2d 528 (Tex. App.—Fort Worth 1987, no writ). Appellant contends that because he alleges the report was made in bad faith or with malice, it concerns the Appellee's intent, and therefore, cannot be subject to a summary judgment.

▉ It has been said that a defendant in a malicious prosecution action is not liable where there was no probable cause if he was not actuated by malice, or, though he was actuated by malice, if he had probable cause. Ordinarily, probable cause is a question of law. This is especially so when the facts are not contested and there is no conflict in the evidence directed to that issue. *Parker v. Dallas Hunting and Fishing Club,* 463 S.W.2d 496 (Tex.Civ. App.—Dallas 1971, no writ). In this case, the doctor successfully demonstrated his observations, confirmed by photographs, his conclusions and his actions in such a manner to establish probable cause to believe and report an incident of child abuse, and there is no evidence to conflict with this finding. Even though he initially misdiagnosed the disease of syphilis, he had set forth the medical grounds for such diagnosis. This matter was not contested by any other evidence. Whether he was or was not actuated by malice in reporting is of no consequence in view of the fact that he had probable cause to believe an act or acts of child abuse had occurred. Appellee has effectively negated an essential element of the cause of action for malicious prosecution. *Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987).

▉ We further hold that the Appellee has successfully established the affirmative defense of immunity under Section 34.-03. If a person has probable cause to believe an act of child abuse has occurred, his reporting of that belief pursuant to the guidelines set forth in Chapter 34 would entitle him to immunity, regardless of whether he was actuated by any malice. In this case, the doctor reported certain bruises were made by large hands on the thighs, "presumably pulling them apart to sexually abuse her." Section 34.02 calls for nonaccusatory reports. The purpose of the reporting is to foster protection for abused children and not to cause penalty to others. The type of accusation impliedly condemned by the language of Section 34.-02 concerns the expression of which person may have committed the act of abuse. The expression of the belief and facts underlying that belief that a type of abuse had been committed does not violate the intent of the reporting statutes. It merely enhances the probability of proper investigation for and the ascertainment of abuse by

the authorities. Having established all elements of the defense of immunity under Section 34.03, the Appellee is entitled to summary judgment. *Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984).

Judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

■ The Appellant reurges the impropriety of the Movant's reply to the Plaintiff's response to the Motion for Summary Judgment and the affidavit proffered therewith. The chronicle of events is as follows:

February 28, 1989 ... Defendant's Motion for Summary Judgment filed.

March 2, 1989 ... A setting order is obtained for March 28, 1989.

March 3, 1989 ... Plaintiff amends his petition.

March 23, 1989 ... A second setting order is obtained for April 10, 1989.

April 3, 1989 ... Plaintiff's Response to Defendant's Motion for Summary Judgment is filed.

April 12, 1989 ... Defendant's reply to Plaintiff's response is filed, followed by affidavit and exhibits.

April 17, 1989 ... A judgment is signed on this date and recites the Motion for Summary Judgment was heard on this date.

April 19, 1989 ... Plaintiff files a Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment alleging that on April 10, 1989, the trial judge had informed him he had already granted Summary Judgment to the Defendant without hearing.

Whether the hearing was had on April 10, 1989, or April 17, 1989, is of no consequence. Although documents filed after a summary judgment hearing may be considered, they must be specifically shown to have been done with leave of the court. *Ossorio v. Leon,* 705 S.W.2d 219 (Tex.App.—San Antonio 1985, no writ). Leave of court must also be shown if they are filed within seven days of the hearing. *Ina of Texas v. Bryant,* 686 S.W.2d 614 (Tex.

1985). The Appellant is correct in that it must be presumed that the trial court did not consider the matters in rendering a take-nothing judgment, as leave of court is not specifically shown.

■ The Appellant also correctly pleads a cause of action for the negligent infliction of mental anguish as sanctioned in *St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex.1987). However, even in discount of the photographs of the child, there is unconflicting evidence of the observations and resulting interpretations of the doctor. The X-rays of the child's leg had indicated a condition which the doctor stated could have been congenital syphilis. The affidavit by the social worker corresponds to this, except she stated the doctor said that syphilis had progressed so that it was eating up the bone in the child's left knee. The doctor's observation of suspicious bone condition which appeared compatible with syphilis is uncontested. The child had a scarred anus and an injured vaginal area, as well as other multiple bruises, burns, tears and abrasions. These matters were not challenged. The facts give rise to probable cause for a belief that an abuse had occurred, sexual and otherwise, even though part of the doctor's diagnosis was proven incorrect by subsequent X-rays taken by a radiologist and laboratory blood testing. The doctor then informed the authorities of the absence of syphilis. Again, in borrowing from the reasoning established in the law of malicious prosecution, the doctor has established immunity under Tex.Fam.Code Ann. sec. 34.03 (Vernon 1986).

Appellant's motion for rehearing is overruled and the trial court's judgment remains affirmed.