HICKS V. VAELLO 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-281-CV





EVERETT AND JULIE HICKS, INDIVIDUALLY AND


AS NEXT FRIENDS OF KATIE HICKS, A MINOR,



 APPELLANTS


vs.





DR. BETTINA A. VAELLO,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 91-16091-A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 



 

 This is an appeal from a summary judgment rendered in a medical malpractice case. 
Appellants Everett and Julie Hicks, individually and as next friends of Katie Hicks (collectively,
"the Hickses"), appeal a summary judgment granted in favor of appellee Dr. Bettina A. Vaello
on a claim of negligent medical referral. We will reverse the trial court judgment and remand the
cause.



BACKGROUND


 The following facts are undisputed. Katie Hicks became ill over Memorial Day
weekend, 1991. She was two and one-half months old. Dr. Vaello, the child's pediatrician, was
out of town for the weekend. When Julie, Katie's mother, called Dr. Vaello's office, she received
instructions to call Dr. Paula Holland Price. Julie called Dr. Price and discussed with her Katie's
condition. Julie and Dr. Price spoke two more times that weekend about Katie's condition. On
Monday morning, Dr. Price saw Katie in her office. Dr. Price then took the child to the Round
Rock Hospital emergency room, where she was diagnosed with bacterial meningitis. Katie was
transferred to Brackenridge Children's Hospital.

 The Hickses sued Dr. Vaello and Dr. Price, alleging that as a result of the doctors'
alleged negligence, Katie has suffered injuries including severe brain damage, blindness, deafness,
muscle atrophy and gastrointestinal problems. The Hickses' claim against Dr. Vaello was based
on Dr. Vaello's alleged negligence in referring them to Dr. Price while Dr. Vaello was out of
town. Dr. Vaello moved for summary judgment on the basis that she did not fail to exercise
reasonable care in selecting Dr. Price to cover her calls. The trial court granted Vaello's motion,
and the Hickses appeal from a final judgment.



STANDARD OF REVIEW


 In an appeal from a summary judgment, we must determine whether the summary
judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or
more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp.,
450 S.W.2d 827, 828 (Tex. 1970). In deciding whether there is a disputed material fact issue
precluding summary judgment, we must take as true all evidence favoring the non-movant and
indulge every reasonable inference and resolve every doubt in favor of the non-movant. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Once the party moving
for summary judgment proves there is no genuine issue of material fact regarding an essential
element of the non-movant's cause of action, the burden shifts to the non-movant to rebut this
evidence with evidence of its own. See Tex. R. Civ. P. 166a(c); Coan v. Winters, 646 S.W.2d
655, 658 (Tex. App.--Fort Worth 1983, writ ref'd n.r.e.).



DISCUSSION AND HOLDING


 The parties agree that a doctor has a duty to exercise reasonable care in referring
her patients to another doctor. Moore v. Lee, 211 S.W. 214, 215 (Tex. 1919); see Ross v. Sher,
483 S.W.2d 297, 301 (Tex. Civ. App.--Houston [14th Dist.] 1972, writ ref'd n.r.e); Floyd v.
Michie, 11 S.W.2d 657, 658 (Tex. Civ. App.--Austin 1928, no writ). The Hickses alleged that
Dr. Vaello breached this duty in referring Katie to Dr. Price. Dr. Vaello contended in her motion
for summary judgment that she could not be liable for negligent referral because "[a]s a matter
of law, she acted with reasonable care in selecting Dr. Price." Thus, the issue for our review is
whether Dr. Vaello conclusively negated any negligence on her part and proved as a matter of law
that she did not fail to exercise reasonable care in selecting Dr. Price and referring Katie to her
for medical care. In determining whether Dr. Vaello met this burden, we look first at her
summary judgment proof alone. If she did not meet this initial burden, the summary judgment
was improper and we need not look any further. Coan, 646 S.W.2d at 658; see Gibbs, 450
S.W.2d at 829.

 Dr. Vaello offered her own affidavit in support of her motion. (1) In her affidavit,
Dr. Vaello stated that she and Dr. Price had an informal call-covering arrangement whereby each
doctor would cover calls for the other when one was unavailable. Dr. Vaello stated she first
discussed such an arrangement with Dr. Price in the fall of 1990, before Dr. Price moved to
Georgetown and opened her practice. At that time, she and Dr. Price discussed Dr. Price's
background, education, and training; her residence training at Scott & White Memorial Hospital
in Temple, Texas; how various medical situations were handled at Scott & White; and the
treatment of meningitis, among other medical practices. Dr. Vaello further stated that Dr. Price
has always provided "superior medical care and treatment to my patients" as well as to Dr. Price's
own patients, which Dr. Vaello witnessed when covering calls for Dr. Price. Dr. Vaello stated
she did not know of any lack of skill, competence, or qualification on the part of Dr. Price and
that, in her opinion, Dr. Price is a competent, skillful, qualified, and caring physician. Dr. Vaello
contends that the evidence conclusively proves as a matter of law that she did not breach her duty
of reasonable care in selecting Dr. Price.

 "A summary judgment may rest solely on the testimonial evidence of an interested
witness if that evidence is uncontroverted, clear, positive, credible, free from contradictions and
inconsistencies, and could have been readily controverted." Republic Nat'l Leasing Corp. v.
Schindler, 717 S.W.2d 606, 607 (Tex. 1986); Tex. R. Civ. P. 166a(c). At the same time, there
must be no circumstances in evidence tending to discredit or impeach such testimony. Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965); Martin
v. Cloth World of Tex., Inc., 692 S.W.2d 134, 136 (Tex. App.--Dallas 1985, writ ref'd n.r.e.). 
Thus, "[s]elf-serving statements of interested parties, testifying as to what they knew or intended,
do not meet the standards of Texas courts for summary judgment." Allied Chem. Corp. v.
DeHaven, 752 S.W.2d 155, 158 (Tex. App.--Houston [14th Dist.] 1988, writ denied); see Hayes
v. E.T.S. Enters., Inc., 809 S.W.2d 652, 657 (Tex App.--Amarillo 1991, writ denied). Issues of
a person's knowledge are not readily controvertible and thus are inappropriate for summary
judgment. Hayes, 809 S.W.2d at 657; Allied Chem. Corp., 752 S.W.2d at 158. The same is true
for testimony regarding facts peculiarly known to the witness testifying. Evans v. Fort Worth Star
Telegram, 548 S.W.2d 819, 820 (Tex. Civ. App.--Fort Worth 1977, no writ).

 Finally, it is fundamental that "[n]egligence is a question for the jury when facts
are such that the jury could draw an inference either way." Axelrod R & D, Inc. v. Ivy, 839
S.W.2d 126, 129 (Tex. App.--Austin 1992, writ denied); see Erwin v. Dunn, 201 S.W.2d 240,
243 (Tex. Civ. App.--Galveston 1947, writ ref'd n.r.e.). "Summary judgment should never be
granted when the issues are inherently those for a jury or trial judge, as in cases involving intent,
reliance, reasonable care, uncertainty and the like." Dominguez v. Kelly, 786 S.W.2d 749, 752
(Tex. App.--El Paso 1990, writ denied) (emphasis added) (citing Dan Lawson & Assocs. v. Miller,
742 S.W.2d 528 (Tex. App.--Fort Worth 1987, no writ)).

 The summary judgment proof recounts what Dr. Vaello did before entering into
the call-covering arrangement and what she stated she knew at the time she referred Katie to Dr.
Price. A jury might well decline to find any negligence under the circumstances but we cannot
say that the record conclusively establishes the absence of negligence as a matter of law. (2)

 Even if the summary judgment evidence were sufficient to establish that Dr. Vaello
acted reasonably in selecting Dr. Price, we would still conclude that summary judgment was
improper. In their response to the motion for summary judgment, the Hickses offered two
controverting affidavits. (3) Marsha Townsend, the office manager for Dr. Price from December
1990, to September 15, 1991, stated that she was aware of problems concerning the referral of
patients from Dr. Vaello to Dr. Price. She also stated:



I am personally familiar with numerous complaints from Dr. Vaello's patients who
were referred to Dr. Price by Dr. Vaello when Dr. Vaello was out of town or not
in her office. Dr. Vaello's patients complained about the quality of care they were
receiving from Dr. Price. Many of them felt that they were not being called back
or treated aggressively by Dr. Price. These problems would have occurred very
shortly after Dr. Price started handling calls for Dr. Vaello. In dealing with the
complaints from the patients of Dr. Vaello related to the quality of care from Dr.
Price, Dr. Vaello would call and complain to Dr. Price who would then complain
to me . . . about the way we were handling the calls and otherwise dealing with the
patients. I am aware of many complaints raised by Dr. Vaello about the way that
her patients were being treated.



 Dr. Vaello moved to strike Townsend's affidavit, arguing it was based on hearsay
and lacked specificity. The trial court did not strike the affidavit but allowed Dr. Vaello to depose
Townsend and supplement her motion for summary judgment. In the deposition, Townsend
admits that Dr. Vaello's patients never complained directly to her concerning Dr. Price, but that
her knowledge of such complaints came from Dr. Price. Furthermore, she agreed that none of
the complaints involved poor medical care by Dr. Price but rather involved not returning
telephone calls promptly and the handling of payment and insurance matters. Townsend further
stated she had never heard about any of Dr. Vaello's patients complaining that Dr. Price was
professionally incompetent, and that she did not know of any facts made known to Dr. Vaello that
would indicate Dr. Price was incompetent.

 Dr. Vaello re-urges her argument that Townsend's affidavit should not be
considered because her testimony regarding the alleged complaints was hearsay. We disagree. 
The statements Dr. Vaello allegedly made to Dr. Price concerning her patients' complaints are
not being offered "to prove the truth of the matter asserted." Tex. R. Civ. Evid. 801(d). The
same is true for the statements Dr. Price made to Townsend regarding the alleged complaints. 
The issue is not whether the patients truly believed their calls were not being promptly returned
or that they were not being treated aggressively. The proof shows that Dr. Vaello was aware her
patients had complained about Dr. Price. Furthermore, Dr. Vaello's statements to Dr. Price
constitute admissions by a party opponent. Tex. R. Civ. Evid. 801(e)(2). Townsend's affidavit
is competent summary judgment proof which the Court can consider in determining whether
summary judgment was proper.

 "Conflicting statements of any one witness as well as in the testimony of different
witnesses ordinarily present fact questions to be resolved by the trier of fact issues." Durham v.
I.C.T. Ins. Co., 283 S.W.2d 413, 415 (Tex. Civ. App.--Dallas 1955, writ dism'd). We conclude
that Townsend's testimony that Dr. Vaello complained to Dr. Price on several occasions regarding
her handling of Dr. Vaello's patients (4) conflicts with Dr. Vaello's affidavit, in which she states that
Dr. Price has always provided "superior medical care and treatment to my patients" and that she
had no knowledge of any lack of skill, competence or qualification on the part of Dr. Price. 
Thus, viewing the evidence in the light most favorable to the Hickses, a genuine issue of material
fact remains as to whether Dr. Vaello exercised reasonable care when she referred the Hickses
to Dr. Price. Because Dr. Vaello did not conclusively negate the allegation that she acted
unreasonably in referring her patient to Dr. Price, summary judgment was improper.

 We sustain the Hickses' point of error. Accordingly, we reverse the trial court's
summary judgment and remand the cause for a trial on the merits.




 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded

Filed: June 15, 1994

Do Not Publish
1.   Although we note the affidavits from Dr. Price and Dr. Bess Gold filed in support of
the summary judgment motion, we do not discuss them here. Dr. Gold, the residency
director at Scott & White during Dr. Price's residency training, testified in her affidavit
as to the skill and competence Dr. Price portrayed during her training. Dr. Price testified
that she presented a one-hour training program to the residents on the diagnosis and
treatment of meningitis and had observed more than ten patients being diagnosed with
bacterial meningitis during her training.


 The issue on appeal is Dr. Vaello's alleged negligence in referring the Hickses to Dr.
Price during her unavailability. The only relevant evidence is that offered to show what
Dr. Vaello actually knew or had reason to know regarding Dr. Price's competence at the
time she made the referral.
2. Furthermore, we are unable to find any case that holds otherwise. Although Dr. Vaello
cites Sendjar v. Gonzalez, 520 S.W.2d 478 (Tex. Civ. App.--San Antonio 1975, no writ) in
support of her position, the case is clearly distinguishable. Sendjar was not a negligent
referral case. Unlike this cause, the plaintiff in Sendjar based his action on his doctor's
alleged failure to arrange for the referral of his patients when he was unavailable. He then
sought to impose liability on his doctor for the negligence of the treating physician on the basis
of an agency relationship. These issues were not raised in the instant cause. Furthermore, we
note that in Sendjar, the opinion reflects that, in fact, there was no doctor-patient relationship
between the parties. For these reasons, we conclude that Sendjar does not control.
3.   We do not discuss the affidavit of Dr. Peter Benjamin, as it discusses only the
alleged negligence of Dr. Price, which is not determinative of the issue at hand.
4.   Although Dr. Vaello complains there is no proof that she was aware of the alleged
complaints before the incident in question, in Townsend's affidavit, Townsend states that
the problems "would have occurred very shortly after Dr. Price started handling calls for
Dr. Vaello." Resolving every doubt in favor of the Hickses, we conclude this evidence
was sufficient at least to raise a fact issue as to whether Dr. Vaello was aware of the
complaints at the time of the referral.