Thomas John VIVIANO, Jr., Appellant,

v.

Shirley MOORE, Appellee.

No. B14–94–00191–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 20, 1995.

Rehearing Overruled May 25, 1995.

L.T. Bradt, Houston, for appellant.

Craig S. Wolcott, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from an order granting Shirley Moore's motion for summary judgment. Viviano appeals the summary judgment in one point of error. We affirm.

Appellee, Shirley Moore, is a family therapy counselor employed by a physician. Appellant, Thomas John Viviano, Jr., his former wife, Barbara Viviano McMahan, and their daughter went to Moore for family counseling. In the course of therapy, McMahan told Moore she suspected Viviano of sexually abusing their daughter. The following day, Moore met with the daughter. She used puppets to role play which resulted in an outburst from the daughter, "No one knows what he does to me and calls me." Two days later, Moore informed the parents that she was required to report the suspected allegations to the Children's Protective Services division of the Texas Department of Human Services (CPS). She called CPS and related McMahan's allegations. McMahan also talked with the CPS caseworker.

Viviano brought suit against Moore alleging fraud, violations of the Texas Deceptive Trade Practices Act (DTPA), and conspiracy. Moore moved for summary judgment contending she was immune from liability under Family Code § 34.03 and the action was barred by the statute of limitations. The trial court granted Moore's motion and entered judgment that Viviano take nothing. In his sole point of error, Viviano argues Moore is not immune from liability under § 34.03, and his cause of action is not barred by the statute of limitations.

The standard of review to be followed in a summary judgment is well established. The movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts are resolved in his favor. *Nixon v. Mr. Property Man-*

*agement Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1992, writ denied). When a summary judgment does not specify the grounds upon which it was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

Viviano argues that summary judgment was improper because he did not bring suit for reporting the allegation of sexual abuse to CPS.[1] Rather he argues that he brought a fraud and DTPA suit. His response to the motion for summary judgment includes an expert's affidavit that states there are no psychological tests which can prove that any abusive conduct occurred. Thus, he asserted that it was fraud for Moore to diagnosis that his daughter had been sexually abused. He further alleged that Moore's actions violated the DTPA.

Factually, this case is analogous to *Bird v. W.C.W.,* 868 S.W.2d 767 (Tex.1994), in which the supreme court stated:

> A claimant's right to sue a mental health professional must be considered in light of countervailing concerns, including the social utility of eradicating sexual abuse. Evaluating children to determine whether sexual abuse has occurred is essential to that goal. Young children's difficulty in communicating sexual abuse heightens the need for experienced mental health professionals to evaluate the child. Because they are dealing with such a sensitive situation, mental health professionals should be allowed to exercise their professional judgment in diagnosing sexual abuse of a child

without the judicial imposition of a countervailing duty to third parties.

*Id.* at 769 (citation omitted).

In *Bird,* a psychologist examined a child and determined that the father was the abuser. The psychologist filed an affidavit with the family court which stated the results of his examination. The father brought suit against the psychologist alleging negligent misdiagnosis. The supreme court held that a mental health professional does not owe a duty to a parent to not negligently misdiagnose whether a child had been sexually abused. The court also held that the psychologist's communications to the family court were privileged. Accordingly, the supreme court affirmed the trial court's summary judgment in favor of the psychologist. In reaching its holdings, the court stated: "while couched in terms of negligent misdiagnosis, the essence of the father's claim is that it was [the psychologist's] *communication* of her diagnosis that caused him emotional harm." *Id.* at 768–69 (emphasis in original).

The supreme court has recently reiterated that a plaintiff cannot simply recast a claim in order to avoid having a cause of action statutorily barred. In *Walden v. Jeffery,* 38 Tex.Sup.Ct.J. 374, —— S.W.2d —— [1995 WL 114558] (March 16, 1995) (per curiam), the court held that a patient could not recast a DTPA claim in order to avoid the bar to a DTPA negligence claim in § 12.01(a) of the Medical Liability and Insurance Improvement Act.[2] *Id.* at 375, —— S.W.2d at ——. *See also Sorokolit v. Rhodes,* 889 S.W.2d 239 (Tex.1994). Similarly, in *Gormley v. Stover,* 38 Tex.Sup.Ct.J. 384, —— S.W.2d —— [1995 WL 114560] (March 16, 1995) (per curiam), the court held that all of the representations that a patient-plaintiff alleged were violations of the DTPA, dealt with whether a surgical dentist met his standard of care. As such, the plaintiff's allegations were "nothing more

---

1. This allegation is only briefly mentioned in Viviano's brief. The introduction to the argument and authority section of his brief included the statement: "[Viviano] did not sue [Moore] for reporting the alleged abuse of his daughter—he sued [Moore] for fraud and violations of the [DTPA]." The remainder of his brief deals with whether the action was barred by the statute of limitations and if immunity applies. Because of our decision, we do not reach the statute of

limitations question. We address his immunity argument below. Because we liberally construe points of error, we will address this contention, even though it was inartistically presented. *See* Tex.R.App.P. 74.

2. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 12.01(a) (Vernon Supp.1995).

than an attempt to recast [a] malpractice claim as a DTPA action." *Id.* at 385, —— S.W.2d at ——.

We have determined that, like the plaintiffs in *Bird, Walden,* and *Gormley,* Viviano has attempted to recast his complaint to avoid the immunity provisions of the Family Code. The father, in *Bird,* sought damages for mental anguish, including 1) injury to his reputation; 2) public contempt; 3) ridicule; 4) loss of relationships; and 5) loss of self-esteem. *Bird,* 868 S.W.2d at 769 n. 2. In the present case, Viviano styles his causes of action as fraud and violations of the DTPA. He also alleges to have suffered mental anguish, and loss of income, reputation, liberty and property interests in a recognized family unit, and the companionship of his children. Viviano's pleadings are indistinguishable from those in *Bird.* Any damages which Viviano might have sustained arise from Moore's *communication* of McMahan's allegations to CPS. Accordingly, if Moore's communication was privileged, summary judgment was properly granted.

The Texas Legislature enacted Chapter 34 of the Family Code to require health care professionals to report suspected incidents of child abuse and neglect. The statute affords anyone who reports suspected abuse or neglect immunity from civil liability or criminal prosecution. *See* TEX.FAM.CODE ANN. §§ 34.01, 34.03 (Vernon Supp.1995). *See also* Leota H. Alexander, *Chapter 34 Report of Child Abuse,* 21 TEX.TECH.L.REV. 1697 (1990).

Section 34.01 requires a person who believes a child has been abused to report to the proper authorities in accordance with § 34.02. TEX.FAM.CODE ANN. § 34.01 (Vernon Supp.1995). Section 34.02 states the report shall be nonaccusatory and reflect "the reporter's belief that a child has been" abused. A doctor is required to make an oral report within forty-eight hours and a written report within five days. The reports are to be made to state or local law enforcement, and to the Texas Department of Human Services or an agency designated by the court to be responsible for the protection of children. *Id.* at § 34.02. Section 34.03 provides immunity to "a person reporting or assisting in the investigation of a report pursuant to this chapter." *Id.* § 34.03(a). This immunity is not available to a person who reports in bad faith or with malice. *Id.* at § 34.03(b). *See also Dominquez v. Kelly,* 786 S.W.2d 749, 751–52 (Tex.App.—El Paso 1990, writ denied).

The summary judgment proof establishes that Moore complied with the requirements of the statute necessary to invoke the immunity provisions of § 34.03.

1. Once McMahan informed Moore of her suspicions, the therapist performed follow-up procedures, performed tests on the daughter, and formed the opinion the child had been sexually abused.

2. She informed the parents that she was required to report the allegation to CPS.

3. She contacted CPS and reported the allegation as it was communicated to her.

We find that the summary judgment proof establishes that Moore was required by law to report suspected sexual abuse of a child. Unless Moore made the reports in bad faith or with malice, she is entitled to immunity. *See* TEX.FAM.CODE ANN. § 34.03(b) (Vernon Supp.1995). Viviano failed to allege or present any evidence that Moore acted in bad faith or with malice. Having established all the elements of immunity under § 34.03, Moore was entitled to summary judgment. *Dominquez,* 786 S.W.2d at 753.

To the contrary, Viviano argues that Moore is not immune under § 34.03 because he did not bring a defamation action, citing *James v. Brown,* 637 S.W.2d 914 (Tex.1982). Viviano's reliance on *James* is misplaced. The supreme court, in *James,* held that doctors' communications to the court cannot give rise to a defamation action, but a patient could bring other causes of actions which arise from the doctor's diagnosis. The court held that James was not "prevented from recovering from the doctors for negligent misdiagnosis and medical malpractice merely because their diagnoses were later communicated to a court." *Id.* at 917–18. *See also Bird v. W.C.W.,* 868 S.W.2d 767 (Tex.1994). *James* did not deal with the immunity afforded a professional under § 34.03.

Viviano's point of error is overruled and the judgment of the trial court is affirmed.

AMIDEI, Justice, dissenting.

I respectfully dissent from the court's majority opinion. Persons who report suspected sexual abuse of a child in bad faith or with malice are not entitled to immunity. See TEX.FAM.CODE ANN. § 34.03(b) (Vernon 1995).

Appellee's affidavit, which states her report was made in "good faith and without malice," is self-serving and conclusory. Appellant's summary judgment proof raises sufficient facts to controvert this issue. Appellant's affidavit asserts in pertinent part that, appellee suspected child abuse based on a drawing of a church with an archway, among other such drawings. Appellant's affidavit also asserts that appellee failed to disclose that no test exists that can determine if abuse has occurred and by whom. Furthermore, appellant's expert's affidavit states that the use of prospective drawings and puppets has not been proven reliable to indicate sexual abuse. Thus, there is a question as to a valid basis for appellee's report. Appellant raised a genuine issue of material fact, whether appellee made her report in good faith and without malice.

Appellee also contends that the statute of limitations bars appellant's causes of action for common law fraud and DTPA violations. The discovery rule applies to the statute of limitations in DTPA cases. TEX.BUS. & COM. CODE ANN. § 17.565; *Burns v. Thomas*, 786 S.W.2d 266 (Tex.1990). The record reflects appellant did not discover and could not have discovered through reasonable diligence that there was no scientific basis for appellee's technique of assessing child abuse until May, 1993, and he filed his original petition July 7, 1993. In addition, fraud has a four year statute of limitations. Thus, appellant's cause of action is not barred by the statute of limitations.

Accordingly, I would reverse the summary judgment and remand for a trial on the merits.