Opinion issued September 29, 2006













     




In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00710–CV




JEAN SOWELL, Appellant

V.

THE KROGER CO., Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2004–31277




 
SUPPLEMENTAL OPINION ON MOTION FOR REHEARING



          Jean Sowell, appellant, suffered injuries after slipping on an unidentified liquid
in a Kroger store. On June 1, 2006, this Court affirmed the trial court’s granting of
Kroger’s no-evidence motion for summary judgment. Sowell has filed a motion to
supplement the record and a motion for rehearing based on the supplemental record. 
Having previously granted the motion to supplement the record, we now grant the
motion for rehearing, although our disposition remains the same, and we supplement
our opinion with the following.
Motion for Leave to Supplement the Record
          In her motion for leave to supplement the record, Sowell argued that, during
the pendency of her appeal, she had filed a request to the district clerk to supplement
the record with her request for disclosure. Because the record was not supplemented,
we granted her motion for leave to supplement the record with the original request.
Motion for Rehearing
          In her motion for rehearing, Sowell quotes the portion of our opinion in which
we said, “Because the request for disclosure was not a part of the record before the
trial court, we hold that the trial court did not abuse its discretion in denying the
presumption of spoliation.” Sowell states that she assumes that this is a clerical error
and that we meant “this Court” instead of “the trial court.”
 
          To clarify, we did mean the trial court. As an appellate court, we review the
judgment of the trial court for error. Tex. R. App. P. 44.1. In order for the trial court
to have found spoliation of records, there had to be evidence of a request for those
records presented to the trial court before the judgment was entered. See Tex. R. Civ.
P. 166a(c) (specifying deadlines for filing response to motion for summary
judgment); Dominguez v. Kelly, 786 S.W.2d 749, 753 (Tex. App.—El Paso 1990, writ
denied) (holding that documents filed after summary judgment hearing can only be
considered by trial court if filed with leave of court). The supplemental record
reflects that the “Defendant’s Response to Request for Disclosure” was not filed with
the trial court until November 14, 2005. The trial court granted Kroger’s motion for
summary judgment on June 24, 2005. Because there was no evidence of a request for
allegedly spoliated documents before the trial court prior to the rendering of the
judgment, we cannot find error in the trial court’s judgment.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Higley.