**Wen Lung WU and Chyong Jan Wu, d/b/a General Merchandising Co., Appellants,**

**v.**

**WALNUT EQUIPMENT LEASING CO., Appellee.**

**No. 14–94–0283–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 19, 1995.

Rehearing Overruled Nov. 16, 1995.

Stuart N. Wilson, David M. Gunn, Houston, for appellants.

William A. Petersen, Jr., Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

ANDERSON, Justice.

This is an appeal from the enforcement of a foreign judgment from the State of Pennsylvania against Defendants/Appellants Wen Lung Wu and Chyong Jan Wu, d/b/a General Merchandising Company. Appellants bring ten points of error challenging, *inter alia*, the jurisdiction of the Pennsylvania court over appellants, the legal and factual sufficiency of the evidence, the trial court's failure to permit appellants to make a trial amendment, and to grant appellants' motion for sanctions pursuant to TEX.R.CIV.P. 13. Walnut Equipment brings a cross-point of error asserting that this court lacks jurisdiction to hear the appeal because appellants' motion for new trial was not timely filed after the original petition to enforce the judgment. We reverse and remand for a new trial.

## FACTS

Appellee, Walnut Equipment Leasing Co., and Ruth L. Crawford, entered into a lease for certain computer equipment. Crawford apparently signed the lease by entering appellants' names Wen Wu and Chyong Wu and their company, General Merchandising Company, as lessee. Appellants deny that they signed the lease, and there is no evidence Crawford was authorized to sign their names to the lease for General Merchandising Company.

The equipment was delivered to and accepted by someone other than appellants, apparently Crawford. She made some payments on the lease, but eventually she stopped. Walnut Equipment then sued the appellants in Pennsylvania for breach of the lease. Appellants did not live in Pennsylvania, never entered Pennsylvania, never transacted any business there, and the record does not reflect that appellants were ever served with notice of the Pennsylvania lawsuit. Nevertheless, Walnut Equipment had an easy victory in the Pennsylvania trial court because the lease generally provides, among other things, that:

Lessee authorizes any attorney of any court of record, whenever Lessee is in default hereunder, to appear for and confess judgment as often as necessary against Lessee for all sums payable by Lessee hereunder.

\* \* \* \* \* \*

Lessee also waives all errors and appeals, the right to stay of execution and the

benefit of all exemption laws of any state now or hereafter in effect.

Judgment was entered by the Court of Common Pleas in Delaware County, Pennsylvania against appellants on June 6, 1990 in the amount of the unpaid balance owed on the lease of approximately $11,000, plus $2,526.27 in attorneys' fees.

On August 17, 1990, Walnut Equipment filed a Petition To Enforce Foreign Judgment in Harris County. Appellants were served August 24, 1990. Thereafter, the matter languished until a notice of intent to dismiss for want of prosecution was issued on September 29, 1992.

On March 9, 1993, Walnut Equipment filed Plaintiff's First Amended Petition which, for the first time, asserted an alternative claim against Ruth L. Crawford. She was served April 2, 1993, but never filed an answer.

Trial of this cause was to the bench and commenced November 29, 1993. The next day, the trial court entered a final judgment ordering that the June 6, 1990 Pennsylvania judgment be domesticated as a judgment of Texas; and that it be given full faith and credit in Texas; that Walnut Equipment take nothing against Ruth Crawford; and that all costs be taxed against appellants.

On December 29, 1993, appellants filed a verified motion for new trial emphasizing the invalidity of the foreign judgment based on the Pennsylvania court's lack of personal jurisdiction over appellants. Appellants' motion for new trial was overruled on February 2, 1994.

## I. APPELLATE JURISDICTION

If this court lacks jurisdiction to hear this appeal, we cannot address the merits of appellants' case. Accordingly, before analyzing appellants' points of error, we must address appellee's cross-point asserting the appeal is untimely because appellants' motion for new trial was not filed timely after Walnut Equipment filed its original petition to enforce the Pennsylvania judgment. Appellee asserts that the filing of a petition to enforce a foreign judgment constitutes a final judgment, which starts the time period in either TEX.R.CIV.PRO. 329b(a), involving the dead-line for motions for new trial, or TEX.R.APP.P. 41(a), involving the deadline for perfecting appeal by filing an appeal bond. Appellee further asserts that, even if the appellate timetable runs from the date appellee filed its first amended petition, appellant nevertheless failed to perfect its appeal by filing a timely appeal bond.

▇▇▇ Under the U.S. Constitution, art. IV, § 1, full faith and credit shall be given in each state to the judicial proceedings of every other state. Texas has adopted the Uniform Enforcement of Foreign Judgments Act, which provides a procedure for enforcing a foreign judgment by merely filing an authenticated copy of it with the clerk of any court of competent jurisdiction of this state. TEX.CIV.PRAC. & REM.CODE ANN. § 35.001, et seq. (Vernon 1986). A foreign judgment is defined in the act as a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state. Provided that the procedural requirements of the Act are followed, the clerk of the court in which the foreign judgment was filed must treat that judgment in the same manner as a judgment of that court. TEX.CIV.PRAC. & REM.CODE ANN. § 35.003(b). A filed foreign judgment has the same effect, and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. TEX.CIV.PRAC. & REM.CODE ANN. § 35.003(c). When a judgment creditor chooses to proceed under the Uniform Act, the filing of the foreign judgment partakes of the nature of a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, *but it also instantly creates a Texas judgment which is enforceable.* 5 ROY W. MCDONALD, TEXAS CIVIL PRACTICE, § 32:8 at p. 463 (1992) (emphasis added); *Moncrief v. Harvey,* 805 S.W.2d 20, 22 (Tex.App.—Dallas 1991, no writ). If appellee Walnut Equipment had proceeded under the Uniform Act in its live pleadings at trial, there might be some merit to its contentions regarding jurisdiction in this court. It chose instead, however, to abandon the Uniform Act and bring an action to enforce a sister state judgment

under the optional procedure in TEX.CIV. PRAC. & REM.CODE ANN. § 35.008 (Vernon 1986) (permitting, at the creditor's option, the right to bring an action to enforce a judgment).

Our examination of the pleadings filed by appellee reveals the following: To enforce its Pennsylvania judgment, Walnut Equipment first filed Plaintiff's Original Petition, which referenced the Uniform Act and attached a copy of the Pennsylvania judgment. If that original petition had remained as Walnut Equipment's only live pleading, our analysis would be somewhat different. However, on March 9, 1993, Walnut Equipment filed Plaintiff's First Amended Petition. In this amended petition, there is no reference to the Uniform Act, Ruth Crawford is added as a defendant, and there is no copy of the Pennsylvania judgment attached to the petition, although Walnut Equipment incorporated it by reference to its original petition. Moreover, in the prayer Walnut Equipment requested that the court "upon final trial grant Plaintiff judgment against the Defendants as prayed for in its pleadings ..., [and] the reasonable value of the Plaintiff's equipment...."

■ An amended pleading takes the place of the pleading it supersedes. TEX.R.CIV.P. 65. Specifically, unless the substituted instrument is set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause. *Id.*

■ Rule 58 clearly authorizes the adoption, by reference in another pleading, of statements in a prior pleading. TEX.R.CIV.P. 58. Here, Walnut Equipment's amended petition only incorporated, by reference to the superseded original petition, the authenticated Pennsylvania judgment, and nothing else.

The request in the original petition that the authenticated copy of the judgment be "accorded the same force and effect as if rendered in this State," is neither repeated in the amended petition nor incorporated by reference pursuant to Rule 58. Accordingly, much of the original petition which, viewed objectively, set up a final Texas judgment pursuant to the Uniform Act, ceased to be a part of the pleadings in the record in this cause by virtue of the vitiating effect of the amended petition under Rule 65. Walnut Equipment's amended petition, Plaintiff's only live pleading at the time of trial, by virtue of the fact that it sought "the reasonable value of the Plaintiff's equipment" in lieu of domestication of the Pennsylvania judgment as had been requested in the superseded original petition, removed from the cause critical elements required by the Uniform Act.[1] The amended petition effected the abandonment of an action under the Uniform Act, and the initiation of an action under the optional procedure described in TEX.CIV. PRAC. & REM.CODE ANN. § 35.008. *See Gage v. Langford,* 615 S.W.2d 934, 940 (Tex.App.—Eastland, 1981, writ ref'd., n.r.e.) (holding that effect of amendment was to abandon claim not repeated in amended pleading).

During the trial of this cause, counsel for Walnut Equipment advised the trial court that it would proceed to trial on the basis of its first amended petition, tacitly acknowledging the abandonment of its action under the Uniform Act. Indeed, Walnut Equipment's act of proceeding to trial clearly demonstrates the change in their method of obtaining a final judgment against appellants inasmuch as the mere filing of a judgment from a sister state is in the nature of a final judgment for which enforcement is available. *Moncrief,* 805 S.W.2d at 22. There is no

---

1. By incorporating just the authenticated judgment by reference in its amended petition, Walnut Leasing deleted from the record in this cause the affidavit, attached to its original petition, showing the name and last known post office address of the judgment debtor and the judgment creditor, as required by TEX.CIV.PRAC. & REM.CODE ANN. § 35.005(a). This simple requirement is an essential element of the Uniform Act which, when successfully completed, transforms a judgment of a sister state into a final Texas judgment, for which enforcement will lie. 5 ROY W. Mc-

DONALD, TEXAS CIVIL PRACTICE, § 32:8 (1992). A foreign judgment without such an affidavit, however, ceases to have the same effect as a judgment of the court in which it was filed. *Jack H. Brown & Co. v. Northwest Sign Co.,* 665 S.W.2d 219 (Tex.App.—Dallas 1984, no writ) (holding that although statute provides that foreign judgment has same effect as judgment of court in which filed, it has that effect only when judgment complies with statutory requirements of authentication and of filing of affidavit naming parties and giving their addresses).

need for a trial to validate the foreign judgment, if proceeding under the Uniform Act.

 Section 35.008 of the Civil Practice and Remedies Code is entitled "Optional Procedure" and states "A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under this chapter." Such a proceeding has generally the same character as any other civil action. 5 ROY W. MCDONALD, TEXAS CIVIL PRACTICE § 32:6. The judgment creditor's petition, as plaintiff, initiates the action; the judgment debtor, as defendant, can assert his or her defenses; and a second judgment results, which can be appealed, just as in any other case. *Moncrief,* 805 S.W.2d at 22. Walnut Equipment availed itself of this alternative procedure which produced a final judgment on November 30, 1993. The appellate timetable began to run on that date. Thus, appellants' motion for new trial, filed on December 29, 1993, was timely. TEX.R.CIV.P. 329(b). The order overruling that motion was signed February 2, 1994. Therefore, appellants' appeal bond, filed February 23, 1994, was timely. TEX.R.APP.P. 41(a). Accordingly, because the appeal in this case is timely, we have jurisdiction over the case. We overrule appellee's cross-point.

## II.

In point of error two, appellants assert that it was error to deny their verified motion for new trial in which they asserted that they had never lived or resided in the state of Pennsylvania, had never entered the State of Pennsylvania, had never transacted any business in the state of Pennsylvania, and did not sign the equipment lease which formed the basis of Walnut Equipment's suit. In short, appellants allege that they did not have minimum contacts with Pennsylvania, thus depriving the Pennsylvania court of in personam jurisdiction to enter a judgment against them.

 The trial court has discretion to grant a new trial upon such terms as it may direct and, absent an abuse of discretion, its determination will not be disturbed. TEX. R.CIV.P. 320; *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex.1986); *Equitable General Ins. Co. of Texas v. Yates,* 684 S.W.2d 669, 670 (Tex.1984). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present a proper case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Stated differently, we determine whether the trial court's act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984).

The key verified factual statements set out by appellants in their motion for new trial are as follows:

1. Appellants never lived or resided in Pennsylvania;

2. Appellants never entered the state of Pennsylvania;

3. Appellants never transacted business in the state of Pennsylvania;

4. Appellants never solicited any purchases or made any sales in Pennsylvania;

5. At all relevant times, Appellants' business was maintained and conducted in Texas;

6. Appellants never transacted business with appellee;

7. Appellants did not sign the lease in question;

8. Appellants never had an office, telephone, bank account, directory listing, inventory, real property or personal property in the state of Pennsylvania;

9. Appellants never hired any employees, salesmen, agents, distributors, or representatives in the state of Pennsylvania; and

10. Appellants were never served with citation and/or process upon the institution of the Delaware County, Pennsylvania suit brought by appellee.

 The foregoing sworn allegations made by appellants in their motion for new trial were not controverted by Walnut Equipment. In fact, the record reflects Walnut Equipment failed to file any response to ap-

pellants' motion for new trial and also failed to appear at the hearing on that motion. The clear thrust of appellants' statements is that they had no contact with Pennsylvania, which suggests that the Pennsylvania judgment is void for lack of jurisdiction over the parties. In light of this evidence, we will examine the validity of the jurisdiction of the Pennsylvania court over appellants.

■■■■ Pennsylvania courts may exercise personal jurisdiction over non-resident defendants pursuant to the Pennsylvania long-arm statute, 42 Pa.C.S.A. 5322, subject to the limits of the due process clause of the Fourteenth Amendment.[2] 42 Pa.C.S.A. 5322(b); *North Penn. Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689–90 (3rd Cir.) (per curiam), *cert. denied*, 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990). Essentially, in order to subject a defendant to judgment in personam, he must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In each case, there must be some act by which the defendant avails himself of the privilege of conducting business within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The key inquiry is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *Holdampf v. Fidelity & Casualty Co. of New York*, 793 F.Supp. 111, 115 (W.D.Pa.1992) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

■■■ The United States Supreme Court has refined the minimum contacts analysis into specific and general jurisdiction. *Guardian Royal Exch. v. English China*, 815 S.W.2d 223 (Tex.1991). When specific jurisdiction is asserted, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state in order to satisfy the minimum contacts requirement. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). However, the contact must have resulted from the nonresident defendant's purposeful conduct and not the unilateral activity of the plaintiff or others. *Id.*, *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567–568, 62 L.Ed.2d 490 (1980). Further, the nonresident defendant's activities must have been purposefully directed to the forum and the litigation must result from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship among the defendant, the forum and the litigation. *Guardian Royal Exch.*, 815 S.W.2d at 228.

■■■ General jurisdiction may be asserted when the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state but there are continuous and systematic contacts between the nonresident and the forum state. *Helicopteros*, 466 U.S. at 414–16, 104 S.Ct. at 1872–73. When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities in the forum state. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990).

On the record before us it is undisputed that appellants did not engage in any conduct or action which was purposefully directed toward Pennsylvania, through which contact resulted, thereby forming the basis for specific jurisdiction based on such contact. Moreover, it is apparent, based on the uncontroverted, verified motion for new trial, that someone other than appellants signed the equipment lease, and to the extent that conduct established a contact with the forum

---

2. The initial question of whether the acts of the defendant provide a cognizable basis for personal jurisdiction under the Pennsylvania long-arm statute is one of state law. However, the issue of whether that exercise comports with the constitutional due process is one of federal law. *Mann v. Tom James Company*, 802 F.Supp. 1293, 1295 (E.D.Pa.1992).

state, it does not, under *Helicopteros,* confer jurisdiction over appellants because the contact was the result of the unilateral activity of the plaintiff or others. Further, based on the undisputed, sworn allegations of appellants that they had no contact with the forum state, there is no basis for general jurisdiction, which requires continuous and systematic contacts with Pennsylvania.

■■■■■ Appellants' motion for new trial served as an adequate basis for the Texas court to inquire into the foreign court's jurisdiction to render the judgment. *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). The jurisdictional basis of the foreign judgment must be examined because a judgment without jurisdiction is void, it is not entitled to recognition in any state, and it is subject to collateral attack. *Roark v. Sweigart,* 848 S.W.2d 387, 389 (Tex.App.—Amarillo 1993, no writ). The inquiry by the Texas court is limited to whether questions of jurisdiction were fully and fairly litigated and finally decided by the court which rendered the original judgment. *Durfee,* 375 U.S. at 111, 84 S.Ct. at 245. If the inquiry reveals that jurisdiction was litigated in Pennsylvania, it cannot be raised again in a Texas court, and the foreign judgment is entitled to full faith and credit in the second court. *Merritt v. Harless,* 685 S.W.2d 708, 710 (Tex.App.—Dallas 1984, no writ). If, however, the inquiry reveals that the foreign court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.[3] Inasmuch as appellants did not appear in the Pennsylvania proceeding, it cannot be said that the question of jurisdiction was litigated and decided by the Pennsylvania court.

■■■■■ Because the trial court in Harris County had before it appellants' timely, verified and uncontroverted motion for new trial, and Walnut Equipment did not request a hearing, the trial court was bound to accept as true appellants' statements in the motion.

*Averitt v. Bruton Paint & Floor Co.,* 773 S.W.2d 574, 576 (Tex.App.—Dallas 1989, no writ). We hold that the trial court abused its discretion in overruling appellants' motion for new trial, and failing to set aside the judgment domesticating the Pennsylvania judgment. *See Huffeldt v. Competition Drywall, Inc.,* 750 S.W.2d 272, 273 (Tex.App.—Houston [14th Dist.] 1988, no writ); Tex. R.Civ.P. 320. We sustain appellants' second point of error.

■■■■■ In point of error nine, appellants assert that the trial court should have granted a default judgment against Crawford, who was served with plaintiff's first amended petition, but failed to file an answer. Appellants are complaining about the take nothing judgment as to Crawford, but admit that it is a case of first impression whether such a ruling, though erroneous, is reversible as to appellants. It is not. An appealing party may not complain of errors which do not injuriously affect him or which merely affect the rights of others. *Buckholts Independent School Dist. v. Glaser,* 632 S.W.2d 146, 150 (Tex.1982). Because appellants lack standing to appeal errors relating to Crawford, we overrule appellants' point of error nine.

In point of error ten, appellants assert the trial court erred in denying their motions for sanctions. On March 31, 1993, appellants filed a motion to compel and for sanctions relating to certain discovery attempted by appellants, and Walnut Equipment filed a motion for protective order the same day. Both motions were set for hearing on the same day, but the record does not contain a docket entry by the court as to its disposition of the motions, and no order appears in the transcript. There is no statement of facts for that hearing.

After Walnut Equipment amended its pleadings to assert an alternative claim against Crawford, appellants filed another motion for sanctions pursuant to Rule 13,

---

**3.** *Underwriters Nat. Assur. v. N.C. Life & Acc., Etc.,* 455 U.S. 691, 704–706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982). "It is axiomatic that a judgment must be supported by a proper showing of jurisdiction over the subject matter and over the relevant parties. One State's refusal to enforce a judgment rendered in another State when the judgment is void for lack of jurisdiction merely gives to that judgment the same credit, validity and effect that it would receive in a court of the rendering State." *Id.,* 455 U.S. at 704 n. 10, 102 S.Ct. at 1366 n. 10, 71 L.Ed.2d 558.

TEX.R.CIV.P. 13. The record reflects that a hearing date was set for that motion, and that a continuance was granted on the day of the hearing. But, again, the record does not contain a docket entry by the court regarding this motion for sanctions, and no order appears on the transcript. Further, there is no statement of facts for any hearing held on the motion.

 The standard by which an appellate court reviews a trial court's Rule 13 determination is the abuse of discretion standard. *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer,* 701 S.W.2d 238, 241–42 (Tex.1985).

 An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex.1970). Hence, the party that complains of abuse of discretion has the burden to bring forth a record showing such abuse. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex. 1987); TEX.R.APP.P. 50(d). Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Id.* The record before us on appeal contains only appellants' motions for sanctions and an order granting a continuance as to one of those motions. There is no statement of facts for any hearing that may have been held, and no court orders directly relating to the motions. The only evidence of the trial court's determination of these motions is the Mother Hubbard provision in the November 30, 1993 final judgment "that all relief not herein expressly granted is hereby expressly denied." Because this court must presume that the evidence before the trial judge was adequate to support the decision, we overrule appellants' point of error ten. However, our disposition of this point of error does not in any manner circumscribe the type of relief appellants may request in any subsequent proceeding.

Appellants' points of error one, and three through eight address the due process problems associated with enforcement of a void judgment based on lack of jurisdiction of the parties, the trial court's failure to allow introduction of certain types of evidence relating to the in personam jurisdiction of the Pennsylvania court, its denial of appellants' request for a trial amendment to its pleadings regarding the jurisdictional defects in the Pennsylvania judgment, and the legal and factual sufficiency of the evidence to support various findings of fact made by the court following the entry of the final judgment. Based on our disposition of this appeal, we do not address appellants' points of error one, and three through eight.

The judgment of the trial court is reversed, and this case is remanded for a new trial.