**PERMANENTE MEDICAL ASSOCIATION OF TEXAS, Relator,**

v.

**Honorable Derwood JOHNSON, Judge Presiding, 18th District Court, Johnson County, Texas, Respondent.**

**No. 10–96–037–CV.**

Court of Appeals of Texas, Waco.

March 13, 1996.

---

R. Michael McCauley, Carla S. Neal & Scott V. Allen, McCauley, MacDonald, Love & Devin, P.C., Dallas, for relators.

Carol Ann Carson and Rickey J. Brantley, Jose, Henry & Brantley, Ft. Worth, Robert W. Hammer, Law Offices of Robert W. Hammer, Ft. Worth, John R. MacLean and Dan M. Boulware, MacLean & Boulware, Cleburne, for real parties in interest.

Derwood Johnson, Waco, Respondent.

Before CUMMINGS, C.J., and VANCE, J.

## OPINION

VANCE, Justice.

Relator, Permanente Medical Association of Texas (PMAT), is a professional association providing medical care. The real party in interest, Diane Karna, filed suit against PMAT and Dr. Kathleen Robertson for medical malpractice and negligence on January 5, 1996. She did not give the statutory sixty-day notice prior to filing suit as required by section 4.01 of the Medical Liability and Insurance Improvement Act. TEX.REV.CIV. STAT.ANN. art. 4590i, § 4.01 (Vernon Supp. 1996). On February 14, two days after PMAT answered the suit and before Dr. Robertson was served, Karna noticed Dr. Robertson for a February 26 deposition. PMAT responded by seeking a protective order and filing a plea in abatement asserting Karna's failure to give the statutory notice.

The Respondent, sitting as a "visiting" judge, heard the motions on February 23, 1996, and signed an order denying the motion for a protective order. The order granted the plea in abatement as follows:

This case will be abated for sixty (60) days beginning with the date Plaintiff gives notice to Defendant Permanente Medical Association of Texas and Defendant Kathleen M. Robertson, M.D. This notice letter is to be filed with the Court on the day that it is mailed to the Defendants. The period of abatement will begin on that date and end without further Order of the Court sixty (60) days later. Pursuant to this Court's Local Rule requir-

ing mediation before any trial setting, any mediation will occur during the period of abatement.

Because Dr. Robertson's deposition was set for 10:00 a.m. on February 26, PMAT sought leave to file a petition for writ of mandamus and asked us to grant emergency relief staying all proceedings, including the scheduled deposition. We granted both leave to file and the emergency relief and set the petition for hearing.

PMAT complains of Respondent's February 23 order in three respects: (1) the denial of the motion for a protective order, thereby allowing the deposition to proceed; (2) the delay in beginning the abatement period until the statutory notice letter was mailed to the defendants and filed with the court; and (3) the requirement that mediation under the local rules take place during the period of abatement. It seeks a writ of mandamus to require Respondent to vacate the February 23 order and to grant the plea in abatement to take effect immediately.

 A writ of mandamus may be issued to correct a "clear abuse of discretion." *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Issuance of writs of mandamus is limited to those instances in which no adequate remedy by appeal exists. *Id.* at 840. When a plaintiff fails to give a statutory notice that is a prerequisite to filing suit and a defendant's timely request for an abatement is denied, that defendant is entitled to seek review of the court's denial by mandamus. *Hines v. Hash,* 843 S.W.2d 464, 469 (Tex.1992) (construing DTPA notice provision).[1]

 Article 4590i, section 4.01(a) requires a person asserting a health-care-liability claim to give written notice to each health care provider at least sixty days before filing suit. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a). Section 4.01(b) requires that the

plaintiff's pleadings state that the requirement has been met. *Id.* § 4.01(b). If the plaintiff fails to comply with this notice requirement, the sole remedy is abatement of the action for sixty days, rather than dismissing the claims. *De Checa v. Diagnostic Center Hosp., Inc.* 852 S.W.2d 935, 938–39 (Tex. 1993) (citing *Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d 934, 938 (Tex.1983)).

 An abatement is a present suspension of all proceedings in a suit. *See Lumbermens Mutual Casualty Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.—Corpus Christi 1989, orig. proceeding). The case is held in suspended animation and may be revived when the reason for abatement is removed. *See id.* Here, the order did not suspend all proceedings in the suit. By denying the motion for protective order, Respondent allowed the deposition to proceed. By requiring that mediation take place during the sixty-day abatement period, Respondent denied PMAT its rights under the statute. In being less than specific about the beginning of the abatement period, Respondent failed to follow the dictates of the Supreme Court that allow a sixty-day abatement as the only remedy.[2] *De Checa,* 852 S.W.2d at 939.

Accordingly, we conditionally grant a writ of mandamus. We assume that Respondent will vacate his February 23 order and enter an order unconditionally granting PMAT's plea in abatement for a sixty-day period. *Id.* at 938–39. The writ will issue only if he fails to do so.

---

1. Interpreting similar notice provisions of the DTPA, the Court has held that the trial court must abate the proceedings for sixty days if the plaintiff fails to give statutory notice and the defendant *timely* requests an abatement. *Hines v. Hash,* 843 S.W.2d 464, 469 (Tex.1992). The Court suggests that to be "timely," the defendant should request an abatement "with the filing of

an answer or very soon thereafter." *Id.* PMAT timely requested an abatement.

2. The rationale for the sixty-day abatement as the sole remedy seems to be that the petition serves as the notice, and the abatement allows the defendant the statutory sixty-day period free of the litigation.