### In re KIMBALL HILL HOMES TEXAS, INC. and Kimball Hill, Inc, Relators.

### No. 14–98–00043–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1998.

Rehearing Overruled June 4, 1998.

---

523

Andrew S. Hanen, Thomas Christopher Trent, Charles J. Pignuolo, Houston, for relators.

S. Tanner Garth, R. Paul Yetter, Houston, for Appellees.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

YATES, Justice.

This mandamus proceeding involves a suit for damages brought by several hundred homeowners in the Houston area against Kimball Hill Homes Texas, Inc. and Kimball Hill, Inc., ("Kimball Hill") and Houston Lighting and Power ("HL & P"). Kimball Hill is the relator. It claims the trial court abused its discretion by not abating the case under the Residential Construction Liability Act ("the RCLA").[1] See TEX. PROP.CODE ANN. § 27.004 (Vernon Supp.1998). We conditionally grant the writ.

On October 29, 1997, the homeowners, the real parties in interest, filed their first amended original petition and petition for intervention against relators and Houston Lighting and Power ("HL & P").[2] The homeowners allege that Kimball Hill misrepresented the quality, craftsmanship and energy efficiency of their homes and that their homes were constructed with "substandard workmanship, poor quality materials and virtually no craftsmanship." The homeowners asserted causes of action for conspiracy, common law fraud, statutory fraud in a real estate transaction, breach of contract and breach of warranty. On November 26, 1997, Kimball Hill filed a verified motion to abate the case under section 27.004(c) of the RCLA. Kimball Hill also filed an answer and special exceptions "subject to" their abatement motion. On December 9, 1997, the parties appeared for a hearing on the entry of a docket control order. That hearing was passed after Kimball Hill raised the abatement issue. On December 15, 1997, the homeowners filed a second amended petition, dropping their breach of contract and breach of warranty claims and adding sixty-two additional homeowners as intervenors. They also filed a brief in opposition to Kimball

Hill's motion to abate in which they asserted the RCLA was inapplicable. Kimball Hill and HL & P in turn filed briefs re-urging abatement under the RCLA. Following a hearing on December 17, 1997, the trial court concluded that the homeowners did not plead a cause of action under the RCLA and denied Kimball Hill's motion to abate. On January 14, 1998, Kimball Hill filed this petition for writ of mandamus.

■■■■ We must first determine whether the denial of a motion to abate under the RCLA is appropriate for review by mandamus. Mandamus relief is available if the trial court violates a duty imposed by law or abuses its discretion in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 840.

■■■■ Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). The Texas Supreme Court has held that incidental rulings by the trial court are generally not subject to review by mandamus because those rulings can be adequately reviewed on appeal. *See Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex.1985). Where the trial court's order is void, howev-

---

1. The Texas Association of Builders, the Greater Houston Builders Association, the Home & Apartment Builders Association of Metropolitan Dallas and the Greater Fort Worth Builders Association have filed amicus curiae briefs asserting the applicability of the RCLA.

2. HL & P" is also a real party in interest and has filed a brief. Reference to the "real parties" in this opinion, however, means only the homeowners unless otherwise indicated.

er, it is unnecessary for the relator to show it pursued other available remedies and mandamus will issue. *See South Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex.App.—Houston [14 th Dist.] 1995, orig. proceeding). Here, Kimball Hill contends abatement was automatic because its verified motion to abate was not timely controverted. *See* TEX. PROP.CODE ANN. § 27.004(d). Because the order denying its motion to abate was signed during the automatic abatement, Kimball Hill contends it was void. If Kimball Hill is correct, it is unnecessary for it to show that an appeal is inadequate. Even if Kimball Hill is required to make such a showing, however, we conclude it does not have an adequate remedy by appeal.

In *Permanente Medical Ass'n v. Johnson*, 917 S.W.2d 515, 517 (Tex.App.—Ft. Worth 1996, orig. proceeding), the court granted mandamus relief to the defendant when the trial court failed to abate the case under the Medical Liability and Insurance Improvement Act. *See* TEX.REV.CIV. STAT ANN. ART. 4590i § 4.01 (Vernon Supp 1998). Stating that "issuance of writs of mandamus is limited to those instances in which no adequate remedy by appeal exists," the court held that "when a plaintiff fails to give the statutory notice that is a prerequisite to filing suit and a defendant's timely request for an abatement is denied, that defendant is entitled to seek review of the court's denial by mandamus." *See id.* (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex.1992)). This Court recently followed *Hines* and *Permanente* in *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271–72 (Tex.App.—Houston [14 th Dist] 1997, no writ), where we held the trial court erroneously certified a class during the mandatory abatement period under the DTPA.

Like the DTPA and article 4590i, the RCLA has a notice provision that is a mandatory prerequisite to filing suit. *See Hines*, 843 S.W.2d at 469; *see also Trimble v. Itz*, 898 S.W.2d 370, 373–74 (Tex.App.—San Antonio), *writ denied*, 906 S.W.2d 481 (Tex.1995). The purpose of the notice requirement is to encourage pre-suit negotiations to avoid the expense of litigation. *Trimble*, 898 S.W.2d at 374. Forcing Kimball Hill to trial without reviewing the propriety of an abatement under the RCLA will deprive Kimball Hill of the opportunity to inspect the homes, make a reasonable settlement offer and present a defense to damages based on such an offer. *See* TEX. PROP.CODE ANN. § 27.004(a), (b), (f). Even *Abor* does not foreclose mandamus review of incidental rulings "when the district court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action." 695 S.W.2d at 567. An appeal will be an inadequate remedy where a party's ability to present a defense at trial is vitiated or severely compromised by the trial court's error. *See Walker*, 827 S.W.2d at 843. Here, Kimball Hill's defense to the suit is compromised if the trial court failed to observe the mandatory notice provision under the RCLA. Therefore, an appeal is inadequate and review by mandamus is appropriate. We now address the application of the RCLA.

The RCLA applies to "any action to recover damages resulting from a construction defect." TEX. PROP.CODE ANN. § 27.002(a). "A construction defect" means "a matter concerning the design, construction or repair of a new residence . . . on which a person has a complaint against a contractor" and "may include physical damage to the residence . . . proximately caused by a construction defect." *Id.* at § 27.001(2). A claimant seeking damages arising from a construction defect must give the contractor written notice of the defect sixty days before filing suit. *See* TEX. PROP.CODE ANN. § 27.004(a). If the claimant fails to give the required notice, the trial court, after a hearing, must abate the suit. *See id.* at § 27.004(d). The suit is automatically abated without court order on the eleventh day after the date a verified plea in abatement is filed, if the claimant does not file a controverting affidavit before the eleventh day. *See id.*

Kimball Hill argues the RCLA applies because the real parties' first and second amended petitions allege construction defects. The real parties, on the other hand, argue the RCLA does not apply because they allege only fraud based on pre-construction misrepresentations made by Kimball Hill and

HL & P about the quality of their homes. They note that their pleadings do not even mention the RCLA. Nevertheless, we conclude their pleadings are sufficient to trigger the RCLA.

In *O'Donnell v. Roger Bullivant of Texas, Inc.,* 940 S.W.2d 411, 413 (Tex.App.— Ft. Worth 1997, writ denied), the plaintiffs sued their contractor for faulty foundation repairs to their home. The plaintiffs asserted causes of action for negligence, gross negligence, product liability, breach of warranty, breach of contract and violation of the DTPA. *Id.* As in this case, the plaintiffs did not plead the RCLA, but sought a declaratory judgment that the RCLA did not limit their claims. *Id.* at 413–14. The trial court instead granted summary judgment for the contractor and denied the plaintiffs' countermotion for partial summary judgment, finding that the plaintiffs' suit was governed by the RCLA. *Id.* Thus, while the plaintiffs never pled the RCLA, the court of appeals held the RCLA applied. Likewise, in *Trimble,* an insurance company asserted causes of action for breach of contract, breach of warranty, and violation of the DTPA. 898 S.W.2d at 371. Although .the RCLA was never pled, the trial court sanctioned the insurance company in part for failing to give notice under the RCLA. *Id.* In reversing the sanctions order, the court of appeals also applied the RCLA and held that the proper remedy for failure to give notice under the statute is abatement, not sanctions. *Id.* at 373–74. Thus, the failure of the real parties to plead the RCLA does preclude its application where appropriate.

Additionally, following the Texas Supreme Court's lead, this Court has consistently held that the underlying nature of the claim controls and a plaintiff cannot by artful pleading recast a claim in order to avoid the adverse effect of a statute. *See Mulligan v. Beverly Enterprises–Texas, Inc.,* 954 S.W.2d 881, 883–84 (Tex.App.—Houston [14 th Dist.] 1997, no writ) (plaintiff could not avoid article 4590i by pleading DTPA claim); *Viviano v. Moore,* 899 S.W.2d 326, 327 (Tex.App.—

Houston [14 th Dist.] 1995, writ denied) (same); *see also Marks–Brown v. Rogg,* 928 S.W.2d 304, 306 (Tex.App.—Houston [14 th Dist.] 1996, writ denied) (plaintiff could not avoid 4590i by pleading fraud claim). Likewise, in the underlying suit, the real parties cannot avoid the requisites of the RCLA by artful pleading. Similar to their first amended petition, the real parties allege in their second amended petition that their homes "did not ... meet the published 'Good Cents Home' standards" and "were built with substandard workmanship, ... inferior materials, and ... wholly lacking in craftsmanship." While the context of these allegations concerns Kimball Hill's purported misrepresentations and false promises, without the alleged construction defects, there is no claim under the first or second amended petition. Furthermore, the real parties seek damages for reduced market value, which are specifically recognized by the RCLA. *See* TEX. PROP.CODE ANN. § 27.004(h)(3).[3] A claim that exists solely by virtue of alleged construction defects clearly falls within the RCLA. This is not to say that the real parties are barred from bringing other claims that do not conflict with the remedial purpose of the RCLA. *See Bruce v. Jim Walters Homes,* 943 S.W.2d 121 (Tex.App.—San Antonio 1997, writ denied) (holding that the RCLA does not preempt fraud claims). The issue here, however, is not whether the RCLA preempts the real parties' fraud claim, but whether the real parties state a claim under the RCLA. We hold that they do and that the trial court should have abated the case.

It is undisputed that Kimball Hill filed a verified motion to abate on November 26, 1997, and that the real parties did not timely controvert that motion pursuant to section 27.004(d). The real parties contend this provision relates only to notice under the statute and that they were not required to controvert the notice issue because they did not seek relief under the statute. We disagree. If the real parties' contention is that notice was not required because the statute

---

**3.** Section 27.004(h)(3) permits recovery for the reduction in market value to the extent the reduction is due to structural failure. At oral argument, the real parties conceded there were numerous structural problems with their homes.

did not apply, it was their obligation to assert that position in a timely response. Because the real parties failed to do so and their suit fell within the statute, their suit should have been automatically abated on December 8, 1997. At that point, both the trial court and the parties were precluded from going forward on the case. An abatement is a present suspension of *all proceedings* in a suit.[4] *See Permanente,* 917 S.W.2d at 517 (emphasis added). Abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been reinstated. *Lumbermens Mut. Cas. Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.— Fort Worth 1989, no writ). Unless otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity. *See id.* Accordingly, we hold that the trial court abused its discretion in not abating the case under the RCLA. Thus, the real parties' second amended petition filed on December 15th and the court's December 17th order denying the motion to abate are void.

Relator's petition for writ of mandamus is hereby conditionally granted. The trial court should vacate its December 17th order and abate the case in accordance with the procedures mandated by the RCLA. Should the trial court fail to comply, the writ will issue.

AMIDEI, Justice, dissenting.

I respectfully dissent.

Abatement is generally an incidental ruling not susceptible to mandamus. Trial courts generally have discretion in abatement decisions. *Dolenz v. Continental Nat'l Bank of Fort Worth,* 620 S.W.2d 572, 575 (Tex.1981); *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985); *Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). The trial courts should consider what effect, if any, the abatement will have on Plaintiffs ability to prosecute the remaining claims. *Gebhardt v.*

*Gallardo,* 891 S.W.2d 327, 332 (Tex.App.— San Antonio 1995, no writ).

The trial court in this case used its discretion to determine that the abatement sought was not applicable at the time under the unique facts presented. The trial court order denying abatement on December 17, 1997 was not void. Although, assuming paragraph 4 of Plaintiff's Original Petition entitled "Breach of Contract and Warranty" may have constituted a cause of action under RCLA and that an automatic abatement was effected on December 8, 1997, because no verified controverting plea was filed by the real parties (the homeowners) pursuant to Section (d)(2) of § 27.004 of the RCLA, the trial court was required to allow the real parties a reasonable opportunity to amend to remove the abatement. *Bryce v. Corpus Christi Area Convention and Tourist Bureau,* 569 S.W.2d 496, 499 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.); *Atkinson v. Reid,* 625 S.W.2d 64, 67 (Tex.App.— San Antonio 1981, no writ); *Bluebonnet Farms, Inc. v. Gibraltar Savings Association,* 618 S.W.2d 81, 83 (Tex.Civ.App.—Houston [1 st Dist.] 1981, writ ref'd n.r.e.); *M & M Const. Co. v. Great American Ins.,* 747 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1988, no writ). It would have been error had the trial court refused the real parties the right to amend as they did to delete said paragraph 4. The the real parties amendment had already been filed at the time of the hearing on the Motion to Abate. It would have been absurd to require the real parties to refile their Second Amended Petition immediately after that hearing. The majority opinion errs because it holds the Second Amended Petition to be a nullity and it doesn't set forth information necessary to guide the real parties to a correct procedure to correct the defect which can be cured. *M & M Const. Co. v. Great American Ins.,* 747 S.W.2d at 554; *Bryce v. Corpus Christi Area Convention and Tourist Bureau,* 569 S.W.2d at 499; *Atkinson v. Reid,* 625 S.W.2d at 67. The real parties should have been given a reasonable opportunity to amend as was pos-

---

**4.** We interpret this to mean that an abatement applies to all claims and all parties. *See* TEX. PROP.CODE ANN. § 27.004(d) (referring to abatement of "a suit"). Indeed, it would make no

sense to partially abate this case because all of the real parties' claims arise out of alleged construction defects.

sible in this case to remove the obstacle created by the automatic abatement. A case is revived upon removal of the obstacle which prevented its further prosecution in the first instance. *M & M Const. Co. v. Great American Ins.*, 747 S.W.2d at 554; and *Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967). The automatic abatement in this case is not a permanent abatement preventing the prosecution of other alleged causes of action by the real parties. The fact that the real parties filed their Second Amended Petition omitting said paragraph 4 on December 15, 1997 operates as would a voluntary dismissal of the alleged RCLA cause of action, and is no longer a pleading in the case, and retains real parties common law and statutory fraud causes of action. *Wu v. Walnut Equipment Leasing Co.*, 909 S.W.2d 273, 278 (Tex.App.—Houston [14th Dist.] 1995, *rev'd on other grounds, appeal dism'd w.o.j.*, 920 S.W.2d 285 (Tex.1996)); *Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex. App.—Fort Worth 1994, no writ); *Gage v. Langford*, 615 S.W.2d 934, 940 (Tex.Civ. App.—Eastland 1981, writ ref'd n.r.e.). *Texas v. Tamminga*, 928 S.W.2d 737, 740 (Tex. App.—Waco 1996). It is no different than if the real parties took a voluntary non-suit as to the RCLA paragraph. Real parties retained the viable fraud causes of action which were not preempted by RCLA. *Bruce v. Jim Walters Homes, Inc.*, 943 S.W.2d 121, 122 (Tex.App.—San Antonio 1997, writ denied). Contrary to the majority the trial court could not abate the fraud causes notwithstanding an automatic abatement of the RCLA cause. *Atkinson v. Thompson*, 311 S.W.2d 250, 253–257 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.). Therefore, the automatic abatement was in effect only eight days, from December 8, 1997 (11 days after the filing of the motion to abate) until December 15, 1997, the date appellants' filed their Second Amended Petition. There is no rule to prevent the real parties from filing a voluntary dismissal, either through a non-suit or an amended petition, to avoid having to prove a cause of action under RCLA. The RCLA cause of action, if any, was no longer before the trial court once the Amended Petition was filed. TEX.R. CIV. P. 64, 65. The effect of the majority opinion is that the real parties could

not dismiss and would be required to proceed under the RCLA against their wishes. Not only does the RCLA not preempt the real parties fraud causes of action it does not require appellants to plead and proceed under the act if they do not so desire.

The trial court did not abuse its discretion in deciding there was no longer an RCLA cause of action in the case. I would deny the mandamus.