**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00518-CV

## IN RE BONNER BALL, THOMAS ZENNER, AND RALLIN WELCH, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-42562**

## MEMORANDUM OPINION

Relators Bonner Ball, Thomas Zenner, and Rallin Welch filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Jeff Shadwick, presiding judge of the 55th District Court of Harris County, to grant their motion to dismiss the real parties in interest/plaintiffs' suit alleging residential construction defects.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Relators are limited partners of Black Diamond Builders, LLP, the general contractor for the construction of a home for the real parties in interest, Grier and Camille Patton. Relators claim that the homeowners failed to satisfy statutory prerequisites before filing suit, and dismissal of the suit was automatic under the applicable statutes in effect at the time the Pattons noticed alleged defects in their home. *See In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522, 526 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (holding that appeal was inadequate to remedy a trial court's failure to enforce the Residential Construction Liability Act when the claimants failed to comply with the notice requirements); *In re Wells,* 252 S.W.3d 439, 448 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (stating that a contractor has no adequate remedy by appeal when a claimant fails to comply with the Residential Construction Liability Act's prerequisites to filing suit).

Relators assert that the TRCCA (Texas Residential Construction Commission Act) applies to the underlying suit, which was filed in 2011, because the real parties first noticed alleged construction defects in 2006 and early 2007. The TRCCA was subject to the Texas Sunset Act and expired September 1, 2009, when the Legislature abolished the Residential Construction Commission. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 458, § 1.01, 2003 Tex. Gen. Laws 1703, 1705 (former Tex. Prop. Code § 401.006). Before the Act expired, the TRCCA required, as a prerequisite to suit, that homeowners initiate the TRCCA's state-sponsored inspection and dispute resolution process (SIRP) by requesting an inspection within two years of first noticing the "conditions claimed to be evidence of the construction defect." *See* Act of June 20, 2003, 78th Leg., R.S., ch. 458, § 1.01, (former Tex. Prop. Code § 426.005(a)) (SIRP request is a prerequisite to litigation), (former Tex. Prop. Code § 426.006(b)) (two-year deadline to make SIRP request).

Relators also contend that an interrelated statute, the pre-2007 RCLA (Residential Construction Liability Act), applies. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 458 § 2.04, 2003 Gen. Laws 1725 (providing for automatic dismissal of suit if no controverting affidavit is filed within 11 days of motion to dismiss). The statute was amended in 2007 to provide for abatement, rather than dismissal, of an action brought by a claimant who failed to follow the Act's prerequisites to suit. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 843 § 3, 2007 Tex. Gen. Laws 1753 (codified at Tex. Prop. Code § 27.004(d)). The amendment took effect on September 1, 2007. *Id.* § 57, 2007 Tex. Gen. Laws 1768. Relators assert that the pre-amendment version of the Act applies because the claim accrued in 2006 or early 2007.

Relators filed a verified motion to dismiss the real parties' suit on February 10, 2012, alleging that the Pattons first noticed the conditions that they claim are evidence of construction defects in 2006 and early 2007. The motion was supported by affidavits stating that the Pattons failed to satisfy pre-suit statutory prerequisites. According to the

3

relators' affidavits and the discovery responses attached to the motion, the home showed signs of structural damage in 2009. The evidence of damage before 2009 is scant, however. In a response to requests for admissions, Grier Patton answered: "Plaintiff admits that door closures or misalignment was first observed in 2006, although attributed to normal seasonal expansion and contraction and therefore within normal range. Plaintiff denies that the observation was first attributed to foundation anomalies." Patton also admitted that he first noticed cracks in bricks on the house "either at the end of 2006 or beginning of 2007." In early 2007, brick arches on the covered patio began showing cracks, and the builder, Black Diamond, made repairs to the arches. According to relators' documentation attached to their motion to dismiss, no further signs of damage were noted until a crack in the pool deck was discovered in mid-2009, followed by engineering inspections that ultimately revealed the alleged structural defects.

The Pattons filed a response and counter affidavit on February 24, 2012.[1] On March 9, 2012, the trial court signed an order denying the motion to dismiss with the notation that the denial was *"without prejudice to reconsideration after resolution of the factual issue of when Plaintiffs were on notice of their claim."* (emphasis supplied). We may not consider disputed issues of fact in an original mandamus proceeding. *See In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the party requesting mandamus relief establishes that the trial court could have reached but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relators have not established that the trial court could have reached only one decision regarding the date real parties had notice of their claim.

---

[1] Although no issue or request for relief was alleged in the petition for writ of mandamus, relators complained that the response was untimely and should not have been considered. We need not address the timeliness of the response based on our determination that the trial court did not abuse its discretion in determining that a factual issue exists as to when the Pattons had notice of their claim.

Accordingly, we deny relators' petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.